389 So.2d 1346 (1980)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, Plaintiff-Appellee,
v.
Darrel VAN WILLET, Sr., et ux., Defendants-Appellants.
No. 7799.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
*1348 Gold, Little, Simon, Weems & Bruser, Charles S. Weems, III, Alexandria, for defendants-appellants.
William W. Irwin, Jr., Johnie E. Branch, Jr., Edward A. Michel, J. Bryan Miller, Baton Rouge, for plaintiff-appellee.
Before FORET, STOKER and LABORDE, JJ.
FORET, Judge.
This is an expropriation suit.
The State of Louisiana, through the Department of Transportation and Development, acquired one parcel of land (Parcel 7-4) in full ownership, and temporary servitudes on five other parcels (7-4-C-1, 7-5-C-1, 7-16-C-1, 7-17-C-1 and 7-18-C-1) for use during the construction of a highway project in North Rapides Parish. The order of expropriation was dated June 23, 1978, and the Department of Transportation and Development (hereinafter referred to as the Department), deposited the sum of $2,883.00, as estimated just compensation, in the registry of the court. The appellants answered and sought a substantial increase in the amount of compensation.
*1349 The trial court found the market value of the parcel taken in full ownership to be $6,566.30, and the value of the temporary construction servitudes on the five other parcels to be $457.40. The trial court made an additional award of $1,248.27 for severance damages to the remainder of the property from which parcel 7-4 had been taken. The trial court entered its judgment against the Department and in favor of the appellants-landowners on January 2, 1980. The landowners subsequently perfected this appeal.
A brief description of the properties involved in this appeal will be helpful in understanding our decision.[1] The properties are located in the northern portion of Rapides Parish. They are part of a proposed subdivision called Aurora Park II. There has been some construction already undertaken in this subdivision. However, no improvements have been made on the land with which we are concerned, except for the clearing out of undergrowth and some of the trees.
The expropriation was made in connection with State Project 23-01-17. The project will provide a four-lane, limited access connection from the existing Alexandria-Pineville Expressway to the general area of the Highways 71-167 interchange near the Rapides Parish-Grant Parish line. The affected parcels in this case are located near that interchange. This Court has dealt with other parcels in the immediate vicinity of those with which we are now concerned in State, Department of Transportation & Development v. Van Willet, 383 So.2d 1344 (La.App. 3 Cir. 1980). The opinion in that case provides a clear and concise factual account of the situation as it existed at the time of the expropriation with which we are concerned.

I. SEVERANCE DAMAGES
We turn now to the first issue presented for our determination by the appellants. This issue concerns the trial court's award of $1,248.27 for severance damages to the remainder of the property from which parcel 7-4 was taken in full ownership.
The term "severance damage" describes those compensable damages which flow from the partial expropriation of a parcel, i. e., the diminution in value of the land remaining to the condemnee. State, Department of Transportation & Development v. Van Willet, supra. Severance damages are ordinarily calculated as the difference between the market value of the remaining property immediately before and immediately after the taking. State, Through Department of Highways v. Hoyt, 284 So.2d 763 (La. 1973); State, Department of Highways v. Denham Springs Development Co., Inc., 307 So.2d 304 (La. 1975). LSA-R.S. 48:453(B) provides that the measure of severance damages is determined on a basis of immediately before and immediately after the taking, taking into consideration the effects of the completion of the project in the manner proposed or planned.
The burden of proving alleged severance damages to the remainder of property involved in an expropriation proceeding rests upon the owner, who must establish such damages with legal certainty by a preponderance of the evidence. The informed and reasoned opinion of experts, corroborated by the facts in the record, may adequately prove a severance damage loss, especially where accepted by the trier of fact. State, Department of Highways v. Denham Springs Development Co., Inc., supra.
The detrimental effects of the project were identified by the appraisers Willet, Futrell and Cope, as follows:
Proximity to a four-lane expressway with elevated grade; change in beauty and esthetic value; change in basic neighborhood from quiet, wooded residential to frontage road property; and, increased noise, vibration and fumes.
*1350 The appellants' appraisers in this case were Darrel Van Willet, Sr., the property owner, and Perry E. Futrell, Jr. The State's appraisers were M. C. Gehr and Gene N. Cope. Van Willet found that the remainder property suffered a severance damage factor of 40%. Futrell set the factor at 35%. Cope found the factor to be 10%, while Gehr found that the remainder suffered no damage. The trial court set the severance damage factor at 10%.
Appellants argue that this Court, in the case of State, Department of Transportation & Development v. Van Willet, supra, was presented with the identical issue regarding the severance damage factor to property identical to and contiguous with that with which we are now dealing. There, this Court found that the State's appraisers had erroneously taken into account the effects of the project in their before valuation. Appellants allege that the same mistake was made by the State's appraisers in this case. We have studied the record in this case and find that no such mistake was made here. Appellants also argue that the trial court failed to consider all of the factors which were detrimental to the remainder of property in issue here. We disagree.
The trial court simply assigned a damage factor based on the evidence presented to it. It was certainly within the range of factors testified to by the expert appraisers. In expropriation proceedings, the trial court's factual determination as to the value of property, severance damages, and its evaluation and the weight given to the testimony of expert witnesses, should not be disturbed on review in the absence of manifest error. State, Department of Highways v. William T. Burton Industries, Inc., 219 So.2d 837 (La.App. 3 Cir. 1969); State, Department of Highways v. McPherson, 259 So.2d 33 (La. 1972).
Appellants argue that this Court set a severance damage factor of 30% for property identical to and contiguous with the property now in issue in State, Department of Transportation & Development v. Van Willet, supra. However, we find that the property is not identical. The property involved in the earlier case was improved with duplex-type housing situated on it. The property with which we are dealing has no such improvements on it. We hold that the trial court did not commit manifest error in assigning the 10% severance damage factor to the land involved here.

II. SEVERANCE DAMAGES TO THE SERVITUDE REMAINDERS
The second issue presented by appellants is whether the trial court erred in failing to grant severance damages to the remainders of property on which the temporary construction servitudes had been placed. Appellants argue that the imposition of these servitudes constituted a taking of that property from the owner. We disagree.
This Court was confronted with this identical issue in State, Department of Transportation & Development v. Van Willet, supra. There we stated at page 1352:
"... unused temporary construction servitudes released and terminated prior to close of trial are equivalent to non-takings for purposes of categorizing and determining the compensability of damages flowing from the effects of a public work or project. We believe such conclusion to be warranted because the amount of severance damages awardable is determined as of the time of trial and for the further reason that an actual taking is required before severance damages are allowed except in instances where the landowner suffers special damages not sustained by the public in general.
* * * * * *
Our examination of more recent jurisprudence does not suggest a different outcome; rather, the cases show that severance damages have been awarded only upon the actual physical taking or invasion of the landowner's real rights." *1351 We see no reason to depart from that decision.
An actual taking is required before severance damages are allowed except in instances where the landowner suffers special damages not sustained by the public in general. Reymond v. State, Department of Highways, 231 So.2d 375 (La. 1970). We hold that the establishment of the temporary construction servitude on the land belonging to the appellants did not constitute a taking of that property for severance damages analysis.
The appellants-landowners allege, in the alternative, that the damages occasioned to their property upon which the unused temporary construction servitudes were placed were in fact special within the meaning of Reymond v. State, Department of Highways, supra. The record does not show that the damage to appellants' property resulting from the project is special as to their property only. The construction of this highway project will subject all other owners along Austin Drive and the adjoining lots of the Aurora Subdivision to the same consequences. The term "incidental damages" refers to the general loss or inconvenience experienced by the property owner and the public generally, which is a cost that every citizen in organized society must pay to maintain and improve that society; in other words, "damnum absque injuria". State, Department of Transportation & Development v. Van Willet, supra. We conclude that the damages to appellants' property are incidental only and therefore not compensable.

III. VALUATION OF THE SERVITUDES
The next issue presented by the appellants deals with the valuation of the temporary construction servitudes. Appellants argue that it was erroneous as a matter of law for the trial court to consider after-taking facts, i. e. cancellation of the servitudes, in its determination. Appellants allege that the proper term of the servitudes should be measured by the expected life of the project as of the date of the taking.
This Court, in State, Department of Transportation & Development v. Van Willet, supra, stated, at page 1350:
"In the case of temporary or limited duration servitudes, just compensation is generally expressed as the fair rental value of the property affected over the life of the servitude. State v. Lutcher & Moore Cypress Lumber Co., Ltd., 364 So.2d 134 (La.App. 4th Cir. 1978). In instances where the term of the temporary servitude is unknown, it would indeed be proper to use the estimated life of the project as the missing term in the calculation of temporary construction servitude values. In the instant case, however, the life of the temporary servitudes is not a missing element to be estimated, but a definite time, i. e., 13 months. Had the trial judge ignored this "after-taking" fact, it would have been contrary to right reason and incongruous to a concept implicit in the constitutional scheme of compensation. While a landowner who has property taken for a public purpose must be put in as good a position pecuniarily as he would have been had his property not been taken, he ought not, however, recover more than that which he has actually suffered, nor be compensated for more than has been taken from him."
We find, as the court did there, that defendants' contention is without merit. Therefore, we hold that the method used for the calculation of the fair rental values of the temporary construction servitudes by the trial court was correct.

IV. TAKING OUT OF COMMERCE
The next issue raised by the appellants is that the trial court erred in failing to consider the appellants' claim for additional losses caused by lots 7 and 8 being taken out of commerce. It was from these lots that Parcel 7-4 was taken in full ownership.
*1352 On October 3, 1972, Darrel Van Willet, Sr. and his son received a letter from Richard Currie, head of the right-of-way section with the then Department of Highways, State of Louisiana, requesting that no development take place on Lots 7 and 8 of Aurora Park, Unit II. Informing the landowners of the pendency of the project, the letters also stated that it was the position of the Department that any development undertaken with the knowledged provided in the letters "cannot be compensated by the Department". Although the correspondence indicated that the Department would commence negotiations with the landowner shortly, the promised negotiations never materialized, and while the development of the general area proceeded, Mr. Willet testified that he held the properties described in suspense until the Department finally acquired them by expropriation in June, 1978.
The appellants seek to recover damages alleging that the Department effectively prohibited the use of this property for nearly six years. They contend this prohibition resulted in a loss for which they should be compensated.
It should be noted here that this issue was not raised in the pleadings filed in the trial court. The trial court refused to permit the appellants to amend their pleadings during the trial to correct what they claimed to be an inadvertent error. The trial court has discretion in permitting such an amendment. LSA-C.C.P. Article 1154. In the case before us, the State timely objected to the introduction of expert evidence relating to the out-of-commerce claim with regard to lots 7 and 8. This objection was sustained, and the defendants-landowners forced to put on their evidence under a proffer. Appellants argue that this was an abuse of the trial court's discretion. We hold that the trial court did not abuse its discretion.
However, we note that in his written reasons for judgment, the trial judge stated that it he would have considered this claim made by the appellants, he would have denied it. He stated that his reasons for denying it would have been the same as those given in a previous case related to this one. There, the trial judge found that to allow the appellants recovery under this claim would have amounted, in effect, to a "double recovery".
That ruling of the trial judge was reviewed by this Court in the case of State, Department of Transportation & Development v. Darrel Van Willet, Sr., et ux., 386 So.2d 1023 (La.App. 3 Cir. 1980). The evidence presented to this Court in that case is the same upon which the appellants base their claim in the present case. We adopt the reasoning of this Court in that case. We hold that appellants have not borne the burden of proof to show the extent of their alleged loss, if any.

V. EXPENSES AND FEES
The last issue raised by the appellants relates to the awards made by the trial court for the expense of exhibits, appraisal fees and attorney's fees incurred by the appellants. Appellants argue that the trial court erred and denied the appellants constitutional just compensation by failing to make an award to appellant, Darrel Van Willet Sr. for his professional time spent in appraising and testifying in this case, independent of the time that he might have been expected to spend as a landowner. This argument is also without merit. The appellants presented this same issue to this Court in State, Department of Highways v. Willet, 322 So.2d 383 (La.App. 3 Cir. 1975). We adopt the reasoning of the court in that case and hold that Mr. Van Willet is not entitled to compensation.
Appellants also argue that the trial court denied them constitutionally just compensation by failing to fully reimburse them for the expense of preparing exhibits utilized in this litigation. Also, appellants make the same claim with regard to the *1353 trial court's award of $300.00 in fees to Perry Futrell, appellants' appraiser. The trial court specifically noted in its written reasons for judgment that these two fees were set at such a low figure because they were of little benefit to that court in arriving at the final conclusion. In determining whether the fee allowed an appraiser and taxed as costs in an expropriation suit is reasonable, we think consideration must be given to the question of whether the preparatory work done by the appraiser was reasonably necessary, whether it actually tended to show the value of the property taken for severance damages, and whether the conclusions he reached based on that preparatory work were of some usefulness in determining the award which should be made. State, Department of Highways v. Champagne, 356 So.2d 1136 (La.App. 3 Cir. 1978). Determination of the amount of award for expert witnesses fees rests largely within the discretion of the trial judge. An agreement entered into between an expert witness and one of the parties to the suit as to the fee the expert is to receive, is not necessarily a criterion to be used by the court in fixing that fee. State v. Donner Corporation, 236 So.2d 84 (La.App. 3 Cir. 1970). We find that the trial court did not abuse its discretion in awarding these fees to the appellants for their expert or for the preparation of their exhibits.

VI. ATTORNEY'S FEES
Appellants' last argument deals with the trial court's award of attorney's fees. The appellants prayed for an award of reasonable attorney's fees in this case, which the trial court was requested to set at an amount equal to 25% of any excess award made here. LSA-R.S. 48:453(E) provides that reasonable attorney's fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney's fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court. We hold that the trial court did not abuse its discretion in awarding the amount of $1,300.00 to the appellants as attorney's fees. The judgment of the trial court is affirmed in all respects.
Costs of this appeal are assessed against appellants.
AFFIRMED.
*1354 
NOTES
[1] A copy of the plat of survey (with our markings, etc.) is attached as an aid to the reader.