SWIFT, Judge.
This is an expropriation suit instituted by Trunkline Gas Company against Edwin Bell.[1] From a judgment awarding compensation and special damages in the total amount of $19,793.74 and an additional sum of $2500 for an attorney’s fee, the defendant has appealed.
The suit was filed on June 6, 1979, to obtain a servitude across Bell’s property for the construction and maintenance of a petroleum pipeline. The petition alleged that the plaintiff had offered the defendant a price in excess of the true value of the right of way and damages which was refused. The defendant answered, alleging that the plaintiff’s offer did not reflect the true value of the servitude and severance damages all of which the defendant estimated to be in excess of $100,000. Bell also sought a reasonable attorney’s fee and special damages necessitated by the relocation of his mobile home.
A stipulation was entered into between the parties in which they acknowledged Trunkline’s rights to lay, construct and maintain the pipeline on the property, to the use of temporary work spaces and to a permanent right of way 30 feet in width, 15 feet thereof on each side of the pipeline, upon completion of construction. The parties also stipulated that the issues to be presented at the trial were “the compensation of the defendant and the amount therefor, both in the value of the right of way taken and the severance damages, if any, of the remainder of the property.”
When the case was tried each party presented evidence as to the value of the property taken, the value of the temporary working spaces and the severance damages to the remainder of the property. The defendant also introduced evidence as to special damages incurred in the relocation of this mobile home in the amount of $6,957.80. This included $2811.74 for rewiring the unit. Both in a letter dated October 29, 1979, and during the trial the plaintiff acknowledged that the defendant was due $4,146.06 for these special damages, but it denied any indebtedness for rewiring the mobile home as not being required by the move.
The trial court awarded judgment in favor of the defendant for $4,345 as compensation for the permanent right of way taken, $2,930 as the value of the temporary working space, $9,707 for severance damages and $2500 as an attorney’s fee. It also awarded $2811.74 in special damages for rewiring the mobile home. However, neither the judge’s written reasons nor the judgment mentioned the balance of the cost of relocating the home ($4,146.06) which the plaintiff admitted it owed the defendant.
During the trial the defendant attempted to offer into evidence a contract between these parties dated August 29, 1979, which granted Trunkline a right of entry to the property and specified that the latter would utilize a method known as “double ditching” in laying pipeline. Also offered was the testimony of a botanist that the plaintiff had physically damaged the topsoil in the right of way by failing to double ditch and also had damaged a number of trees. The plaintiff timely objected to the introduction of such evidence, as well as the defendant’s testimony that it would take approximately 3000 cubic yards of topsoil costing $11 or $12 per cubic yard, to repair the damage. The objections were sustained and the defendant then proffered such evidence under LSA-C.C.P. Art. 1636.
The issues presented by this appeal are whether the trial court erred in failing to award the additional sum of $4,141.06 in special damages for relocating the mobile home and in sustaining the objection to the evidence as to the other special damages to the top soil and trees. Neither party has questioned the court’s other determinations which we find are amply supported by the record.
*348 It is clear that the trial court inadvertently omitted the additional $4,141.06 relocation cost from the award for special damages in the judgment. As stated above, the plaintiff acknowledged both in a letter dated October 29,1979, and during the proceedings that these expenses were due to the defendant as necessary expenses in moving his trailer because of the expropriation. Consequently, the judgment of the trial court must be amended to add this amount.
Addressing the other issue, this court was confronted with a similar situation in State, Department of Transportation & Development v. Van Willet, 389 So.2d 1346 (La.App. 3 Cir. 1980). In that case the state sued to expropriate certain property of the defendant for the construction of a highway. During the trial the defendants attempted to introduce evidence to show that the plaintiff effectively prohibited the use of the defendants’ property for nearly six years through an unwarranted delay in expropriation. The defendants contended that such action resulted in a loss for which they should be compensated. This issue was never raised in the pleadings and the trial court sustained the plaintiff’s objection to the introduction of expert evidence relating to the out-of-commerce claim. We held that the trial court had not abused its discretion in sustaining the objection and also refusing to permit the landowner to amend the pleadings during the trial in order to admit such evidence.
In the present case the only allegation in regard to special damages in the pleadings is the claim of $9,904.47 for relocating the mobile home in paragraph 10 of the defendant’s amending answer. No mention is made therein of the contract of August 29, 1979, or damages to top soil or trees. In the stipulation mentioned above the parties specified that the issues to be presented at the trial were the amount of compensation for the right of way taken and the severance damages to the remainder of the property.
Since the claims for the other special damages to topsoil and trees were never raised in the pleadings, the trial court properly held that the evidence in regard thereto was inadmissible and it is not before this court.
The defendant also seeks an increase in the award of attorney’s fees for expenses in perfecting and presenting this appeal. Considering the fact that the majority of this work concerned the second issue mentioned above which has been decided adversely to the appellant and also that the inadvertent omission, by the trial court in the award of special damages most probably would have been corrected through a motion for a new trial had one been filed, this court feels an increase of $250 for the attorney’s service on this appeal is sufficient.
For the reasons assigned, the judgment of the trial court is amended to increase the awards for special damages by $4,146.06 and for the attorney’s fee by $250. In all other respects, the judgment is affirmed. The costs of this appeal are assessed to the parties in equal proportions.
AMENDED AND AFFIRMED.

. Mr. Bell’s tenant was also joined as a defendant, but he was dismissed from the suit following a compromise settlement.