520 So.2d 774 (1987)
STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Plaintiff-Appellant,
v.
William M. FORD, et al., Defendants-Appellees.
No. 86-961.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Writ Denied January 8, 1988.
*775 Bertrand & Soileau, Ronald J. Bertrand, Rayne, for plaintiff-appellant.
Gist, Methvin, John W. Munsterman, Alexandria, for defendants-appellees.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOMENGEAUX, Judge.
The State of Louisiana, through the Department of Transportation and Development, commenced this proceeding pursuant to La.R.S. 48:441 et seq., the "Quick-Taking" statute, to expropriate property owned by William M. Ford, Carol Scheffer Ford, Howard N. Nugent, Jr. and Charlene Holbrook Nugent. The property in question, located at 1100 Tenth Street, in Alexandria, Louisiana, had been used by William M. Ford and Howard N. Nugent, Jr. as their law office. The State sought the property to complete the construction of Interstate 49.
Subsequent to determining the need for the property, the State commissioned an appraisal. The State's appraiser, Darrel Van Willet, Jr., using a "market value" approach, estimated the property to be worth $135,000.00. The defendants were then offered $135,000.00 for the property but, they declined the offer stating that it would not adequately compensate them for their losses. When the defendants declined the State's offer, the State deposited the sum into the registry of the court and petitioned to expropriate the property.
The defendants-property owners answered the State's petition contending that the losses they would suffer as a result of the expropriation were in excess of the $135,000.00 deposited by the State. At trial, the defendants presented evidence establishing their losses at $316,498.00. The defendants itemized their losses as follows:

Cost of Replacement Lot ............. $110,000.00
Cost of Replacement Building ........ $163,358.00
Cost of Architect's Fee ............. $ 12,639.00
Cost of Replacement Stationary, etc. $ 1,152.00

*776
Cost of Replacing Telephones ........ $ 5,442.00
Cost of Moving Desks, etc. .......... $ 2,583.00
Cost of Additional Interest Expense $ 1,324.00
Loss of Income ...................... $ 20,000.00
 ___________
TOTAL ............................... $316,498.00

The jury returned a verdict in favor of the defendants but, only for $215,476.00. The jury itemized the defendants' losses as:

Cost of Replacement Lot............ $ 85,000.00
Cost of Replacement Building ...... $120,000.00
Cost of Architect's Fee ........... $ 1,500.00
Cost of Replacing Stationary, Cards,
 Labels, etc...................... $ 1,152.00
Cost of Replacing Telephones ...... $ 2,500.00
Cost of Moving Desks, Tables, Files,
 Chairs, etc...................... $ 2,500.00
Cost of Additional Interest Expense $ 1,324.00
Loss of Income Due to Move, Disruption,
 and From Loss of Potential
Clients ........................... $ 1,500.00
 ___________
TOTAL ............................. $215,476.00

The defendants, concluding that the jury verdict was flawed, moved the trial court pursuant to La.Code Civ.Proc. art. 1811 (1960) (amended 1980, 1983 and 1984) to render a judgment notwithstanding the verdict. The trial judge granted the defendants' motion stating that the evidence presented by the defendants had not been contradicted and that the State's evidence was not legally competent. The trial judge concluded that the State's evidence was legally incompetent because the State's only witness, the appraiser Willet, testified that he performed a "market value" appraisal, rather than an appraisal designed to ascertain the full extent of the defendant's losses as mandated by the Louisiana Constitution and by statute. La. Const. Art. 1 § 4 (1974); La.R.S. 48:453(C) (1950) (amended 1975, 1976 and 1983).
The trial court, upon granting the defendants' motion, rendered judgment for the defendants in the full amount they established at trial, $316,498.00. The defendants were additionally awarded attorney's fees in the amount of $35,000.00 and expert witness fees in the respective amounts of: Gene Cope, real estate appraiser and consultant, $4,000.00; Dr. Terrence Clauretie, economist, $2,500.00; Walter Lafarge, Realtor-builder, $1,750.00; and David Word, architect, $250.00.
On appeal, the State submits that the trial court erred in granting the defendants' motion for a judgment notwithstanding the verdict. The defendants answered the State's appeal and seek a $10,376.50 increase in the attorney's fee award and a $2,000.00 increase in the expert witness fee of Gene Cope.
The initial issue for review is whether the trial court erred in granting the defendants' motion for a judgment notwithstanding the verdict. A trial court, when called upon to render a judgment NOV, must review the evidence and only grant the motion if, without weighing credibility, it concludes that the evidence so overwhelmingly supports the position of the moving party that "reasonable men could not arrive at a contrary verdict." Stafford v. Unsell, 492 So.2d 94, 97 (La.App. 1st Cir.1986); See also, La.Code Civ.Proc. art. 1811; Alumbaugh v. Montgomery Ward & Company, Inc., 492 So.2d 545 (La.App. 3rd Cir.1986), writ denied, 495 So.2d 304 (La. 1986); Robertson v. Penn, 472 So.2d 927 (La.App. 1st Cir.1985), writ denied, 476 So.2d 353 (La.1985). On appeal, it is the responsibility of the appellate court to review the decision of the trial court and only reverse the judgment NOV upon concluding that the trial court was manifestly erroneous. Wooten v. Louisiana Power & Light Company, 477 So.2d 1142 (La.App. 1st Cir.1985); Bickham v. Goings, 460 So. 2d 646 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1246 (La.1985).
We do not believe that the trial court was clearly wrong in concluding that the evidence overwhelmingly supported the position of the defendants. We believe that the trial judge was correct in his determination that reasonable men could arrive at no other verdict and we, therefore, affirm the decision of the lower court.
Louisiana Constitution Article 1 § 4 empowers the State, through the reasonable exercise of its police powers, to expropriate private property for public purposes. The Constitution and its enabling legislation both, however, provide that "the owner shall be compensated to the full extent of his loss." La. Const. Art. 1 § 4, supra; La.R.S. 48:453, supra. The issue before the trial court was, therefore, "What was the full extent of the defendants' losses?" *777 The benchmark Louisiana decision addressing the expropriation of commercial property on which rests ongoing businesses is State, Department of Highways v. Constant, 369 So.2d 699 (La.1979). The Court in Constant held that the eminent domain provision of the 1974 Constitution was intended to broaden the previous measure of damages. The Court further stated that full compensation of a business property owner requires that he not only be paid the market value of the property expropriated plus severance damages but, that he "be put in as good a position pecuniarily as he would have been had his property not been taken." Id. at 701, quoting State, Department of Highways v. Constant, 359 So.2d 666, 670 (La.App. 1st Cir.1978). See also, City of Shreveport v. Standard Printing Company of Shreveport, Inc., 427 So.2d 1304 (La.App. 2nd Cir.1983).
In the instant case, the defendants brought forth evidence establishing losses totalling $316,498.00. The defendants, in addition to testifying on their own behalf, proved their case by calling four expert witnesses. The defendants' experts, a real estate appraiser and consultant, an economist, the builder who had constructed the expropriated property and the architect who had designed the building, proved to be informed, knowledgeable witnesses who substantiated the defendants' allegations.
The State, on the other hand, presented no evidence to refute the defendants' case-in-chief. The State's only witness, the appraiser Willet, provided no basis for concluding that the defendants' losses were only $135,000.00, or even that they were less than the $316,498.00 alleged by the defendants. Willet, despite having executed a "Certificate of Estimate of Just Compensation," attesting that he had appraised the property in question to determine the full extent of the defendants' losses, testified at trial that he had only performed a "market value" appraisal. Willet further testified that a "market value" appraisal is an appraisal designed only to determine the value at which a willing purchaser and a willing seller would agree to the sale of any particular property. Willet's estimation of value failed to consider many of the losses and expenses established by the defendants.
The State contends that it was able to refute the testimony of the defendants and their experts under cross-examination. Subsequent to our review of the record, we cannot agree. The State's cross-examination proved to be ineffectual in raising doubt regarding the defendants' allegations of losses.
The State also argues that triers of fact have great discretion in determining the credibility and weight to be accorded the testimony of expert witnesses and that, in the instant case, the trial judge usurped the prerogative of the jury by granting the judgment NOV. Although the State correctly sets forth the law regarding the testimony of experts, we remain unconvinced that the trial court erred. State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972); Valley Electric Membership Corporation, Inc. v. Wallace, 465 So.2d 986 (La.App. 3rd Cir. 1985). We believe that the decision of the trial judge to grant the motion for a judgment notwithstanding the verdict was made without weighing the credibility of the expert witnesses and is, therefore, sound.
The second issue on appeal concerns the adequacy of the attorney's fee award rendered in favor of the defendants. The trial court rendered judgment awarding the defendants $35,000.00 in attorney's fees. The defendants contend that the award should be increased to $45,376.50.
La.R.S. 48:453(E) (1950) (amended 1975, 1976 and 1983) provides that trial courts in expropriation proceedings may award "[r]easonable attorney['s] fees ... if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment." The statute further provides, however, that there shall be a ceiling on the award of attorney's fees of twenty-five percent of the difference between the compensation awarded and the amount deposited into the registry of the court.
*778 The defendants' appeal seeks to have their attorney's fee award increased to the maximum provided by law. They contend that they are entitled to the maximum allowable fee because the case was complex and involved considerable time, labor and skill. Although we are of the opinion that this was a complex case and that the defendants received very capable legal representation, we are unable to conclude that the trial judge abused his discretion in awarding the defendants only $35,000.00. State, Department of Transportation and Development v. Frabbiele, 391 So.2d 1364 (La.App. 4th Cir.1980); State, Department of Transportation and Development v. Van Willet, 389 So.2d 1346 (La.App. 3rd Cir.1980). The trial judge, in awarding the defendants $35,000.00, awarded them approximately 19.50 percent of the difference between the compensation awarded and the sum deposited into the registry of the court. This fee, although not the legal maximum, is considerable and we are, therefore, unable to conclude that the trial judge abused his discretion.
The final issue on appeal requires a review of the expert witness fee awarded Gene Cope, the defendants' real estate appraiser and consultant. The defendants suggest that the trial court abused its discretion in awarding Cope only $4,000.00 and request that the award be increased to $6,000.00. We are unable to conclude that awarding Cope $4,000.00 was an abuse of discretion and we will, therefore, let the judgment of the trial court stand.
Trial courts are accorded great discretion in determining the fees to be awarded expert witnesses. Whether a fee is reasonable requires consideration of the degree of preparatory work involved and the extent to which the testimony assists the trier of fact in rendering a judgment. Van Willet, supra; State, Department of Highways v. Champagne, 356 So.2d 1136 (La.App. 3rd Cir.1978). Although we agree with the defendants regarding the value of Cope's testimony, we are unable to conclude that the trial court abused its discretion.
For the above and foregoing reasons, the judgment of the district court is affirmed.
All appellate costs are assessed ninety percent to the plaintiff-appellant and ten percent to the defendants-appellees.
AFFIRMED.