PROVOSTY, J., absent on account of illness, takes no part.

———

(79 South. 863)

No. 22826.

ALEXANDRIA & W. RY. CO. v. RAILROAD COMMISSION OF LOUISIANA.

(Jan. 3, 1918. On the Merits, Nov. 4, 1918.)

*(Syllabus by the Court.)*

1. RAILROADS ⬤═9(2)—APPEAL FROM ORDER OF RAILROAD COMMISSION — RETURN—DISMISSAL.

Although, by article 285 of the Constitution, an appeal from a judgment upholding an order of the Railroad Commission is returnable within 10 days after the decision of the district court, nevertheless, if the judge commits the error of allowing more than 10 days in his order fixing the return day, the appellant should not suffer dismissal of the appeal for the error of the judge.

### On the Merits.

*(Syllabus by Editorial Staff.)*

2. CARRIERS ⬤═12(5)—"JUST AND REASONABLE RATE"—TEST.

To ascertain what constitutes a "just and reasonable rate," two fundamental principles must be considered, the right of the carrier to a fair return on its investment, and the right of the public to be charged no more than reasonable value of the services.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reasonable Rate.]

3. CARRIERS ⬤═12(5) — RATES—REASONABLENESS.

In determining reasonableness of rate fixed by legislative authority on particular commodity, the proper test is not whether as to that commodity the rate gives carrier fair compensation after allowing legitimate expenses, but whether on its total freight receipts it can earn enough over operating expenses to give fair and reasonable profit upon its investment.

4. CARRIERS ⬤═12(7) — RATES—REASONABLENESS—EVIDENCE.

Order of Railroad Commission fixing rate on lumber and other commodities taking the rate on lumber at 3 cents per 100 pounds, limiting maximum loads to 30,000 pounds between points 11 miles apart on plaintiff's road, allowing a margin of only 22 mills over actual cost of transportation, *held*, on the evidence, unreasonable and unjust.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Suit by the Alexandria & Western Railway Company against the Railroad Commission of Louisiana to set aside a rate order as being unjust, unreasonable, etc. From a judgment refusing plaintiff's demand, and recognizing as valid an amendatory order of the Commission, plaintiff appeals. Reversed, and orders of Commission annulled.

Foster, Milling, Saal & Milling, of New Orleans, for appellant.

Hakenyos & Scott, of Alexandria, and W. M. Barrow, Asst. Atty. Gen., for appellee.

### On Motion to Dismiss Appeal.

O'NIELL, J. [1] The plaintiff prosecutes this appeal from a judgment decreeing an order of the Railroad Commission reasonable, legal and binding upon the railroad company. Article 285 of the Constitution provides that such appeals shall be returned to the Supreme Court within 10 days after the decision of the lower court. In his order granting the appeal, the district judge made it returnable 59 days after the date of the judgment. The appellant had not suggested any return day in his petition for an order of appeal. On motion of appellant's counsel, and on their showing that the clerk of the district court required further time to complete the transcript of appeal, the return day was extended by an order of this court, and the transcript was filed within the extension of time allowed.

The appellee moves to dismiss the appeal because it was not lodged in this court—or made returnable—within 10 days after the decision of the district court.

It is too well settled to require citation of decisions that an appeal should not be dismissed for an error of the judge in fixing the return day. The decisions cited and relied upon by the appellee are not to the contrary. They are all cases where the transcript was not filed within the time fixed in the order of appeal—not cases where, as in this case, the judge allowed more time than the law allowed.

The motion to dismiss the appeal is overruled.

### On the Merits.

LECHE, J. The plaintiff company owns a single line of railroad extending from Alexandria to the town of Gardner, in the parish of Rapides, a distance of about 14.7 miles. The road was constructed between the years 1909 and 1914, and began to be operated as a common carrier on May 1, 1914. It runs through timber forests, and depends mainly, if not entirely, for its revenues, upon the transportation of logs, lumber, and the output of three sawmills located upon its line. Pursuant to the rules and regulations of the Railroad Commission of this state, plaintiff, with the approval of said Railroad Commission, adopted and published a schedule of freight rates on lumber, and other commodities taking the same rate, for distances under 15 miles and over 10 miles, of 6 cents per 100 pounds, carload lots, 30,000 pounds minimum. Upon complaint by the Chamber of Commerce of the city of Alexandria, on the 27th of October, 1915, this rate, with the approval of the Railroad Commission, was voluntarily reduced by plaintiff to 4 cents per 100 pounds.

On the 1st of April, 1916, the Brewer-Neinstedt Lumber Company, owning one of the three sawmills located on plaintiff's line, and whose mill is situated at Miltonburg, a distance of 11 miles from Alexandria, made formal complaint against plaintiff to the Railroad Commission, charging that said rate was exorbitant and unreasonable, and prayed that it be reduced to 2 cents per 100 pounds, carload lots, 40,000 pounds minimum. Upon hearing, the commission refused to accede to the demand of the Brewer-Neinstedt Lumber Company and dismissed the complaint; but upon rehearing the Railroad Commission issued its order No. 2025, reducing the rate to 2 cents per 100, with carloads, minimum weight 60,000 pounds. Thereupon plaintiff filed the present suit to set aside the order No. 2025 of the Railroad Commission as unreasonable, unjust, and, in effect, confiscatory of its property. The evidence in the case was taken by the district court, and in accordance with the provisions of Act 132 of 1914, before any action by the trial judge, was submitted to the Railroad Commission, which then issued on February 9, 1917, its order No. 2073, amending its previous order

No. 2025, by increasing said rate to 3 cents per 100 pounds. On May 20, 1917, the Railroad Commission, by its order No. 2077, again amended its previous orders Nos. 2025 and 2073, so as to limit minimum loads to 30,000 pounds. The district court thereupon entered judgment on July 13, 1917, refusing plaintiff's demand, and, recognizing as valid the order No. 2077, issued by the defendant commission on May 20, 1917.

The present appeal is from that judgment.

[2-4] The controversy in this case is whether the rate fixed by the Railroad Commission on lumber and other commodities taking the rate of lumber, between Miltonburg and Alexandria, a distance of 11 miles, on the line of plaintiff's railroad, is just and reasonable. Though the decision of that question is bound incidentally to affect the rates for other distances upon the same commodity, and also perhaps the rates on other commodities, we are not here concerned with these results, and we will therefore confine ourselves strictly to the matter at issue.

In order to ascertain what constitutes a just and reasonable rate, two fundamental principles must be considered and followed—the right of the carrier to a fair return on its investment, and the right of the public to be charged no more than the reasonable value of the services. 39 Ann. Cas. 10.

"In determining the reasonableness of a rate fixed by legislative authority on a particular commodity, the proper test is not whether, as to the particular commodity, the rate is sufficiently high to enable the carrier to earn a fair compensation after allowing for legitimate expenses, but whether the carrier will be able from its total freight receipts on all its traffic to earn a sum, above operating expenses reasonably necessary for such traffic, sufficient to yield a fair and reasonable profit upon its investment." 4 Ruling Case Law, p. 637, par. 109.

In the present case it is shown that the proportionate cost of transporting lumber on plaintiff's railroad, between Miltonburg and Alexandria, is 2.78 cents per 100 pounds.

Such cost does not include taxes and other fixed charges, nor, in calculating the same, was any account taken of the depreciation in the value of the property and of plaintiff's legal right to a fair return on its investment. J. G. Moors, auditor of plaintiff company and its principal witness, testifies that, if fixed charges and overhead expenses be proportionately imputed to the cost of transporting lumber which constitutes approximately one-third of plaintiff's freight, they will increase the same by 3.08 cents per 100 pounds. It appears that plaintiff's taxes for the year preceding the trial of this case amounted to $3,196.80, that its paid-up stock is $101,000, and that it is indebted to the Albert Hanson Lumber Company in the sum of $230,968.22. Mr. Moors takes as a basis for a fair return on investment 5 per cent. on $313,714.54, or $15,685.70, and, while we are not prepared to concede the correctness either of his premises or of his conclusions in the latter respect, he has undoubtedly made it evident that the margin of 22 mills allowed by the defendant commission over actual cost of transportation is wholly inadequate to reimburse plaintiff for fixed charges and to enable it to reap a fair profit upon its investment. We can only add, in the language used by this court in the case of M. L. & T. R. & S. S. Co. v. Railroad Commission, 127 La. 670, 53 South. 890, the rate here attacked does not meet the requirement of the law, in that it is uncalled for, unreasonable, and unjust, forasmuch as the revenue produced by it would be barely sufficient, if sufficient at all, to pay the actual cost of moving the commodity to which it applies; it would leave nothing or next to nothing wherewith to compensate plaintiff for the use of its property, or for the payment of its debts, or for betterments or dividends.

It is therefore ordered that the judgment appealed from be avoided and reversed, and that orders Nos. 2025, 2073, and 2077, issued

by the Railroad Commission of Louisiana, in the matter of Brewer-Neinstedt Lumber Co. v. Alexandria & Western Ry. Co., on July 18, 1916, February 9, 1917, and May 20, 1917, be set aside and annulled at the cost of defendant and appellee.

PROVOSTY, J., absent on account of illness, takes no part.