161 So.2d 272

**NEW ORLEANS AND NORTHEASTERN RAILROAD COMPANY**

v.

**LOUISIANA PUBLIC SERVICE COMMISSION, the Board of Levee Commissioners of the Orleans Levee District and the City of New Orleans, Intervenors.**

No. 47068.

Feb. 28, 1964.

Monroe & Lemann, Malcolm L. Monroe, Walter J. Suthon, Jr., Benj. R. Slater, Jr., New Orleans, for plaintiff and appellant.

Joseph H. Hurndon, Asst. City Atty., Deutsch, Kerrigan & Stiles, Ralph L. Kaskell, Jr., New Orleans, for intervenors-appellees.

HAMITER, Justice.

The New Orleans and Northeastern Railroad Company brought this suit to enjoin the Louisiana Public Service Commission from hearing and determining a matter with respect to which it contends the Commission is without jurisdiction. The Board of Levee Commissioners of the Orleans Levee District and the City of New Orleans (which had invoked the jurisdiction of the Public Service Commission in such matter) intervened in the proceedings in the district court, they uniting with the Commission in resisting the injunction demand.

The suit was dismissed, and on December 19, 1963 the plaintiff obtained an order of appeal to this court wherein the return day was fixed for December 27, 1963. Meanwhile, on December 23, 1963, the clerk of court obtained from the district judge an extension of 90 days for preparing and filing the appeal transcript. The latter was received here on January 15, 1964.

The intervenors have tendered a motion to dismiss the appeal for the asserted want of the transcript's timely lodging. In their brief in support of the motion they urge that under Article VI, Section 5 of the Constitution of Louisiana an appeal in which the Louisiana Public Service Commission is a party must be returned within ten days and that such time cannot be extended. Alternatively, they say that even if there can be an extension such is not authorized when its necessity is due to the fault of the appellant; and they insist that the delay in this case was imputable to the latter. The defendant Commission did not join in the motion to dismiss and, in a letter to the clerk of this court, its counsel indicated his intention not to do so.

In an answer to the motion the appellant contends that (1) the intervenors are without right to urge any matter which may result in the dismissal of the appeal, and (2) there was no prohibition against the

extension granted by the district court, and (3) the failure to file the transcript within the originally fixed return date was not due to any fault on its part. In connection with this third contention it relies on Articles 2127 and 2161 of the Louisiana Code of Civil Procedure.

For the reasons hereinafter set forth we have determined that the motion to dismiss is without substance. Consequently, it is unnecessary for us to discuss appellant's first contention.

While Section 5 of Article VI of the Louisiana Constitution does provide that the appeal in a Commission case shall be returned within ten days, it does not prohibit the timely extension of the designated return date for just reason. Appeals are favored in the law. And, particularly since the provision relied on by the intervenors was enacted when there was a common practice of obtaining extensions of time for filing appellate transcripts, it would seem that if there had been any intention to deny such an extension in this special type of case the framers of our Constitution would have used appropriate language to indicate the denial.

We have examined the decisions relied on and find that they do not support intervenors' position. In fact, some appear to be contradictory of it. Thus, in Alexandria and Western Railway Company v. Railroad Commission of Louisiana, 143 La. 1067, 79 So. 863, the district court had originally made the appeal returnable within 59 days, and thereafter we extended that period on a showing that the clerk could not prepare the transcript timely. Nevertheless, we overruled the motion to dismiss, it having been based on the contention that the appeal had not been lodged in this court within the ten days provided for by the Constitution. And in Southern Bell Telephone and Telegraph Company, Inc. v. Louisiana Public Service Commission, 185 La. 729, 170 So. 548, we observed: "Under the authority of the foregoing statutory law and the uniform jurisprudence of this court, it is immaterial whether or not this court was authorized to grant the extension of time within which to file the transcript in this case, for an appeal cannot be dismissed for an error or irregularity in the return date, whether as originally fixed by the lower court or by extension granted by this court, unless the error or irregularity is imputable to the fault of the appellant. * * *"

It is true, as pointed out by the intervenors, that the clerk of court in seeking the extension on December 23, 1963 (which was granted) stated in writing then that due to the fact that he was waiting for documents to be supplied by counsel for the appellant he could not complete the transcript in time for the return date. However, the subsequent affidavit of the chief

deputy clerk (executed on February 8, 1964 and attached to the answer to the motion to dismiss) states that the documents referred to were furnished to her by appellant's counsel on December 24, 1963 (three days before the originally fixed return date). The affidavit further says: "The failure to lodge the record on appeal in the Supreme Court by December 27, 1963 was not caused by any fault on the part of Appellant or its counsel, but was due to the overload of work in the office of the Clerk caused, among other things, by other appeal records which required preparation and the intervening Christmas and New Year holiday periods."

Also, attached to the answer is a letter addressed by appellant's counsel on December 23, 1963 to the clerk of court (in which the aforementioned documents were enclosed), and received by the latter on the following day, wherein the former called to the clerk's attention the position of the intervenors concerning the right to extend the return day and urged him to have the transcript lodged within the time originally designated. Under these circumstances the delay, most assuredly, cannot be imputed to the appellant.

For the reasons assigned the motion to dismiss the appeal is overruled. All costs incurred in connection with the motion are to be paid by intervenors.