LOTTINGER, Judge.
This is a suit by the State of Louisiana, through the Department of Highways, against Gabriel F. Shaheen seeking to expropriate two parcels of land. In conjunction with the petition, plaintiff deposited $68,699.00 into the registry of the court in accordance with the provisions of LSA-R.S. 48:441-460, inclusive. From a judgment in favor of defendant in the amount of $159,-085.00, subject to a credit of $68,699.00, together with legal interest on the difference of $90,386.00 from November 18, 1970, until paid, plaintiff has appealed.
ON MOTION TO DISMISS
The- defendant has filed in this Court a motion to dismiss the appeal based on the grounds that the time for taking an appeal had expired, LSA-C.C.P. art. 2087 and the motion for appeal was not signed by an attorney of record. LSA-C.C.P. art. 863.
Judgment in this case was signed on March 23, 1976, and the clerk mailed notice of judgment on the same day. The last day for applying for a new trial was April 1, 1976, and the last day to perfect a devolu-tive appeal was June 30, 1976.
It seems that at approximately 4:40 P.M. on June 30,1976, the trial attorney for plaintiff contacted an attorney in Hammond, Louisiana and requested that he secure an appeal in this case, and in conjunction therewith dictated an order of appeal to the secretary of the Hammond attorney who typed it and signed the plaintiff’s attorney’s name to the motion for appeal, with his consent, and placed her initials under his name. The Hammond attorney then secured the signature of the trial court judge at approximately 5:20 P.M. on June *1248 30, 1976. It was then delivered to the chief deputy clerk of court of Tangipahoa Parish at some time between 6 o’clock and 7 o’clock P.M. at his home. In an affidavit by the deputy clerk of court, he affirms that he received the motion for appeal on June 30, but did not deposit same in the clerk of court’s office until July 1, but as was his custom on such occasions, instructed the filing clerk to backdate the document as having been filed the previous date. There is nothing wrong with this procedure, and as such the appeal was filed timely. Johnston v. Nanney, 244 La. 959, 155 So.2d 196 (1963).
It is certainly correct that the motion of appeal was not signed by the attorney of record as is required by LSA-C.C.P. art. 863, but instead the attorney of record’s signature was affixed to the motion by his expressly designated agent. Appeals are favored, and thus this Court concludes that the requirements of LSA-C.C.P. art. 863 have been met by the appellant’s attorney of record specifically requesting and authorizing a secretary to sign his name to the motion of appeal.
Therefore, the motion to dismiss the appeal is denied.