COLE, Judge.
The issue in this expropriation case is whether or not the trial court committed manifest error in valuing the land at $5,000.00 an acre. After reviewing the record we conclude there has been no manifest error, therefore we affirm.
The disputed land consists of 3.645 acres which is part of an 18 acre tract located on Highway 1019 in Livingston Parish, near Watson, Louisiana. The State filed an expropriation petition on June 8, 1976, pursuant to the “Quick-taking Statute,” La.R.S. 48:441-460. The State deposited the sum of $9,842.00 into the registry of the court as an estimated amount due for the land. (This sum was based on the land being worth $2,700.00 an acre.) Mr. Devall answered the petition, questioning the need for the taking and alternatively demanding $100,000.00 for the land.
Trial was held and the testimony of various experts was offered. Mr. Devall’s expert, Mr. Kermit Williams, estimated the land to be worth $6,000.00 an acre. The State’s experts, Mr. John Allphin and Mr. Hugh Bullard, estimated the land to be worth $3,000.00 an acre and $2,700.00 an acre, respectively. The trial court rendered judgment in favor of the state as to the ownership of the land and in favor of Mr. Devall for $5,000.00 an acre (a total of $18,225.00), subject to a credit of the amount already deposited with the court.
Appellant argues the trial court committed manifest error in valuing the land at $5,000.00 an acre. It assumes the court was influenced by Mr. Williams’ appraisal and attacks the comparable sales used as being inaccurate.
The essence of appellant’s argument is that the trial court should have accepted its experts’ appraisals rather than a figure closer to the appraisal given by appellee’s expert. The matter of expert opinion testimony was discussed thoroughly in State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972), rehearing denied 1972. The court noted it need not accept the opinion of an expert as an absolute verity and then stated as follows:
“Instead, the effect to be given to opinion testimony is governed by the weight the trier of fact accords to that testimony. The weight testimony is entitled to receive is determined by the professional qualifications and experience of the expert, the facts and studies upon which his *1174 opinion is based and, in case of land appraisals, his familiarity with the locality. La. Power and Light Co. v. Dixon, 201 So.2d 346 (La.App.1967). In all cases the possible bias of the witness in favor of the side for whom he testifies and the witness’ character and credibility bear upon the weight on the testimony.”
“These are all matters for the trier of fact. And when, as in this case, testimony of the witnesses is contradictory, the finding of the trier of fact will not be overturned unless manifest error appears in the record.”
The record reveals Mr. Williams is a highly qualified and experienced real estate appraiser who is very familiar with land in Livingston Parish. His comparables appear to be reasonable and his estimate well-founded. The trial court was apparently influenced somewhat by his testimony and we find no abuse of discretion.
For these reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs permitted by law.
AFFIRMED.