432 So.2d 405 (1983)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT
v.
ESTATE OF Elijah CLARK, Sr., et al.
No. 82 CA 0756.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*407 Richard N. Burtt, Bernard L. Malone, Jr., Robert L. LeDoux, Baton Rouge, for plaintiff-appellant State of La., Dept. of Transp. & Development.
Joseph A. Gladney, Baton Rouge, for defendant-appellant Estate of Elijah Clark, Sr., et al.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
This is an expropriation proceeding in which both the plaintiff, State of Louisiana, Department of Transportation and Development (DOTD) and the defendant, the Estate of Elijah Clark,[1] appeal the judgment of the trial court awarding defendant the sum of $8,716.00 in compensation for its loss and the sum of $1,779.50 for attorney fees.
Plaintiff, DOTD, appeals contending that the trial court erred in awarding attorney fees in excess of the statutory allowance. Defendant Clark appeals seeking an increase in the amount of compensation and damages awarded.
The State of Louisiana, Department of Transportation and Development, instituted this expropriation proceeding to obtain a strip of land for use in the right-of-way of Interstate 110 in East Baton Rouge Parish. DOTD, pursuant to LSA-R.S. 48:441-460, took 31,188.3 square feet of land from property owner on May 22, 1979. The taking left two remaining areas: one, a small triangular piece containing 1,278.6 square feet, and the other, an area containing 57,218.8 square feet, or 1.08 acres. On the day of the taking, DOTD deposited $2,798.00 into the registry of the court as its initial estimate of just compensation.
The trial court found the market value of the parcel taken in full ownership, less the mineral rights, to be $8,421.00. The trial court made an additional award of $295.00 as severance damages to the severed triangular tract, noting that "it has no functional use except possibly to some adjoining landowner on the other side of the interstate." Severance damage to the larger tract was not awarded because the trial court concluded that "there will be no damage to this large remainder." Accordingly, the court concluded that the total just compensation to be paid the property owner was $8,716.00.
Because $2,798.00 had been deposited in the registry of the court, which the owner had already withdrawn, the court found that the owner was entitled to additional compensation of $5,918.00 and rendered judgment in that amount. Additionally, under LSA-R.S. 48:453(E), the trial court awarded reasonable attorney fees in the amount of $1,479.50 and reimbursement of the expert witness fees, but later amended *408 that judgment to reflect a total award of $1,779.50 for attorney fees.
Defendant Clark contends that the trial court erred as follows:
(1) In failing to award fair market values for the property taken and for the small inaccessible severed tract;
(2) In failing to award severance damage for the remaining tract of land; and
(3) In selecting and appointing an expert who may have been associated with a party to the lawsuit.
Plaintiff, DOTD, contends that the trial court erred in its award of attorney fees.

JUST COMPENSATION
Defendant alleges that he was not justly compensated for his land which was taken for public use. At trial, each party presented three expert witnesses and the court appointed a seventh appraiser in order to determine just compensation. The trial court found that the value of the land taken was twenty-seven cents per square foot or $8,421.00.
Property cannot be "taken or damaged" by the state or its political subdivisions except for public purposes and with "just compensation" paid to the owner or into the court for his benefit. La. Const. 1974, Art. 1, § 4. In every expropriation, the owner must be compensated to the "full extent of his loss." La. Const. 1974, Art. 1, § 4; State, Department of Highways v. Bitterwolf, 415 So.2d 196 (La.1982). Thus, our constitution does not simply require that the owner of condemned property be compensated with the market value of the property taken and severance damages to his remainder, but that he be "placed in as good a position pecuniarily as he enjoyed prior to the taking." State, Department of Highways v. Constant, 369 So.2d 699 (La. 1979). See Note, Expropriation: Compensating the Landowner to the Full Extent of His Loss, 40 La.L.Rev. 817 (1980).
Generally, compensation means a full indemnity or remuneration for the loss or damage sustained by the owner of the property taken or injured by public use; and just compensation means the full and perfect equivalent in money of the property taken whereby the owner is put in as good a position pecuniarily as he would have been had his property not been taken. Marathon Pipeline Company v. Pitcher, 368 So.2d 994 (La.1979).
In expropriation matters, the defendant has the burden of proving his claim. LSA-R.S. 48:453. The burden imposed upon the person having his property expropriated is to establish his claims to a legal certainty and by a reasonable preponderance of the evidence; speculation, conjecture, mere possibility and even unsupported probability are not sufficient to support a judgment. State v. Levy, 242 La. 259, 136 So.2d 35 (La.1961).
The trial judge in oral reasons for judgment stated, and we agree, as follows:
"The property subject to taking is described as a portion of Lot 13, situated in the Resubdivision of Lot 7 of the Taylor Tract, and is located at 9144 Wilbur Street. Full ownership has been taken, less the mineral rights, and there has been left a small remainder at the rear portion of the tract, which has been severed from the tract and has no functional value. Although there is a residence and other improvements located on the lot, the portion of the lot taken is at the rear and does not include any improvements.
"The property is residential property and is zoned A-3-1, being limited residential, and it is fair to state that the majority of the appraisers who testified were of the opinion that the highest and best use of the property is multi-family residential. The taking was as of May 22, 1979, and the State deposited in the registry of the Court the sum of $2,798.00 as just compensation.
"In order to secure some objectivity the Court, well before the trial, appointed Daniel Carlock, a prominent independent appraiser, as the Court's expert under the provisions of Civil Code of Procedure Article 192, which allows the Court to appoint an expert in order to assist it in reaching a just decision in this case. Mr. *409 Carlock furnished each of the respective parties and the Court with a copy of his appraisal report in advance of trial.
"Now, representing the property owners are Louis Barcelona, John LeJeune, and Wayne Williams, all well known and experienced appraisers. Testifying for the State were W.A. Gordon, Jack Evans and John Alphin, capable appraisers in their own right. Although each appraiser used the market data approach, as expected and customary the opinion of the State's appraisal experts and the landowner's experts were substantially diverse concerning the just compensation to be paid the landowner for the property expropriated.
"Now, the Court does not intend to review in detail each one of the appraisals made by the seven appraisers, but the Court has reached a determination as to those factors it believes are important and controlling in realizing the ultimate determination as to just compensation to be paid Judge Clark. The Court believes that the appraisals of Dan Carlock, Mr. John Alphin and Mr. Jack Evans were most accurate and most convincing insofar as not only the unit price to be paid, but also as to the severance damages. They utilized a figure, in the case of Mr. Alphin and Mr. Carlock, of Twenty-Seven Cents per square foot for the property, and Mr. Evans utilized Twenty-Eight Cents per square foot, which is obviously very, very close to the appraisal of Mr. Carlock and Mr. Alphin.
"Now, their principal comparable was a sale from Alfie, Inc. to Edison Leo Paul made on February 5, 1979, and also from Wendell P. Harris, Sr. to Henry Hamilton made on October 12, 1978. These sales were not only consistent insofar as the zoning, the general size of the property, the location of the property, but also consistent as to per square foot value, and to the Court they seem to be ideal comparables. I might add also that Mr. William Gordon, while he did not select Twenty-Seven Cents per square foot for his unit value, did feel that the comparable, Alfie, Inc. to Paul, was a valid and good comparable. Of course, he adjusted it downward based on some of the facts which he felt were critical.
"The Court therefore determines, based on the calculation made by Mr. Carlock and Mr. Alphin, that the part taken has a value of $8,421.00. The Court adopts that as a valid estimate.
"As to the small remainder which is located west of the property, everyone agrees that this value to the owner has been wiped out and it has no functional use except possibly to some adjoining landowner on the other side of the interstate. There have been different estimates of damage to this small remainder, but I will select the estimate of damage found by Mr. Carlock of $295.00...."
Appellant Clark contends, however, that the trial court should have awarded damages in accordance with the testimony of Clark's appraisers. We disagree. A careful examination of all testimony and evidence in the record convinces us that the trial judge was eminently correct in his finding of facts.
In an expropriation case, a trial court award will not be overturned when the award is based upon a reasonable and sound analysis of expert testimony. State, Dept. of Hwy. v. Roland J. Robert, Etc., 405 So.2d 1174 (La.App. 1st Cir.1981). The trier of fact is authorized and has the right to determine the weight to be given to the testimony of each expert witness, and his finding will not be overturned in the absence of manifest error. State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (La.1972); State, Dept. of Hwy. v. Roland J. Robert, Etc., supra; State, Dept. of Transp., Etc. v. Van Willet, 389 So.2d 1346 (La.App. 3rd Cir.1980).
The gist of appellant Clark's argument is that the trial court was erroneous in failing to believe Clark's experts' evaluations of fair market value. Much discretion is given to the trial court in evaluation and in determining the weight to be given to the testimony of each expert witness in expropriation suits, and the trial court's *410 findings of value, based upon such evidence, will not be disturbed unless clearly erroneous. State, Dept. of Highways v. Landeche, 400 So.2d 241 (La.App. 4th Cir.1981), writ denied, 406 So.2d 609 (La.1981); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In view of the above, we find that the trial judge was correct in his determination that the fair market value of property taken was twenty-seven cents per square foot, or $8,421.00. The trial court was also correct in assessing damages of $295.00 to the small triangular tract rendered inaccessible after the taking.

SEVERANCE DAMAGES
Defendant also alleges that the trial court erred in not awarding severance damages for the remaining larger tract of land (1.08 acres).
The term "severance damage" describes those compensable damages which flow from the partial expropriation of a parcel, i.e., the dimunition in value of the land remaining to the condemnee. State, Dept. of Transp., Etc. v. Van Willet, 383 So.2d 1344 (La.App. 3rd Cir.1980), writ denied, 390 So.2d 1337 (La.1980). Severance damages are ordinarily calculated as the difference between the market value of the remaining property immediately before and immediately after the taking. State, Dept. of Transp., Etc. v. Van Willet, 389 So.2d 1346 (La.App. 3rd Cir.1980). LSA-R.S. 48:453(B) provides that the measure of severance damages is determined on a basis of immediately before and immediately after the taking.
The owner has the burden of proving severance damages to the remainder of the property involved in an expropriation proceeding, and he has to establish those damages with legal certainty by a preponderance of the evidence. State, Dept. of Highways v. Landeche, supra. The informed and reasoned opinion of experts, corroborated by the facts in the record, may adequately prove a severance damage loss, especially where accepted by the trier of fact. State, Dept. of Hwys. v. Denham Springs Dev. Co., Inc., 307 So.2d 304 (La.1975).
The issue as to whether property remaining to a condemnee has suffered severance damage is essentially a question of fact. Our jurisprudence mandates that an appellate court should not alter a trial court's findings of fact in the absence of manifest or clear error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, supra. This principle of appellate review is equally applicable in matters of expropriation. State, Through Dept. of Highways v. LeBlanc, 388 So.2d 412 (La.App. 1st Cir.1980).
Review of the record reveals a substantial factual basis (the testimony of four of seven experts) for the trial court's conclusion that the larger remaining tract suffered no severance damages.

APPOINTMENT OF EXPERT WITNESS BY COURT
Appellant Clark contends that the trial court erred in selecting and appointing an expert who may have been associated with a party (DOTD) to the lawsuit.
Although LSA-R.S. 48:441 et seq. is silent as to the court's authority to appoint expert witnesses, art. 454 of that title implements the Louisiana Code of Civil Procedure articles in expropriation suits.[2] LSA-C.C.P. art. 192 authorizes the trial court to appoint expert witnesses to assist it in the adjudication of any case.[3] The proper role of the court-appointed expert under LSA-C.C.P. *411 art. 192 is to provide the judge with facts and information necessary for a complete and just determination of the issues. U.S. Oil of La., Ltd. v. Louisiana Power, 350 So.2d 907 (La.App. 1st Cir.1977), writ denied, 351 So.2d 775 (La.1977).
The trial judge appointed Mr. Daniel Carlock as an expert appraiser for an independent appraisal of the property in question. Although Mr. Carlock represents a number of clients, including the State of Louisiana, the trial court was confident that Mr. Carlock could make a fair, impartial, and just appraisal. We agree.
There has been no showing that the trial court committed manifest error in the appointment of Daniel Carlock as its own appraiser. Furthermore, appellant Clark made no objection at trial to the testimony of Mr. Carlock. Therefore, we find that the trial court's appointment of this expert was clearly authorized and proper.

ATTORNEY FEES
The remaining issue is attorney fees awarded defendant. Generally, attorney fees are fixed in a reasonable amount not to exceed 25% of the amount by which the award exceeds the amount deposited in the registry of the court. LSA-R.S. 48:453(E)[4]; State, Dept. of Hwy. v. Roland J. Robert, Etc., supra. Stated another way, LSA-R.S. 48:453(E) provides for an award of attorney fees in expropriation matters, up to a maximum of 25%, if the amount of compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. State, Dept. of Transp. v. Boyce Gin Co-op., 397 So.2d 1087 (La.App. 3rd Cir.1981).
In appealing the trial court judgment, the state contends that the trial court erred as a matter of law in its award of attorney fees in this matter.
The total award of just compensation by the trial court was $8,716.00. The amount of money initially deposited into the registry of the court by the Department of Transportation and Development was $2,798.00. Defendant is therefore clearly entitled to an award of attorney fees under LSA-R.S. 48:453(E). Although the statute does not require the award of attorney fees to equal 25% of the excess award, we know of no authority, and none has been cited, to allow attorney fees to exceed 25% of the excess award.[5]
In its original judgment, the trial court awarded defendant attorney fees in the amount of $1,479.50. However, in its amended judgment, the trial court increased the award of attorney fees by an additional $300.00 for "legal work required in withdrawing deposit," bringing the total attorney fee award to $1,779.50.
In computing the maximum amount of attorney fees which may be awarded pursuant to LSA-R.S. 48:453(E), the calculation of the 25% maximum award is based upon the difference between the award ($8,716.00) and the amount deposited ($2,798.00), or $5,918.00. In this instance, 25% of $5,918.00 is equal to $1,479.50, the amount of attorney fees awarded in the original judgment.
The language of LSA-R.S. 48:453(E) is clear that attorney fees shall not exceed 25% of the difference between the award and the amount deposited in the court's registry. Neither the language of the statute nor the jurisprudence construing the statute contemplate additional awards for attorney fees. Because the statutory provision specifically limits the maximum amount which may be awarded for attorney fees, the award of attorney fees is reduced to $1,479.50.
For the reasons assigned, the judgment of the trial court is affirmed insofar as it *412 awards defendant $8,716.00 as just compensation for the taking. The judgment is amended to reduce the award of attorney fees from $1,779.50 to $1,479.50. The DOTD is assessed with all costs in the amount of $7,813.08.
AMENDED AND AFFIRMED.
NOTES
[1] The original defendants in this expropriation suit were the Estate of Elijah Clark, Sr., the Estate of Lucinda Clark, and Judge Clark. After suit was filed, a judgment was rendered in this proceeding recognizing Judge Clark as the sole owner of the property expropriated and property remaining after the expropriation, and therefore entitled to the monies deposited in the Registry of Court.
[2] LSA-R.S. 48:454 states:

"Except as provided in this part, these suits are tried in accordance with the provisions of the Code of Civil Procedure and general expropriation laws."
[3] LSA-C.C.P. art. 192 provides:

"A trial court, on its own motion or on motion of a party, may appoint persons learned or skilled in a science, art, profession, or calling as experts to assist it in the adjudication of any case in which their special knowledge or skill may aid the court.
"The reasonable fees and expenses of these experts shall be taxed as costs of court."
[4] LSA-R.S. 48:453(E) provides:

"Reasonable attorney fees may be awarded by the court if the amount of compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court."
[5] State, Dept. of Transp. v. Boyce Gin Co-op., supra.