CRAIN, Judge.
The present matter comes before this court on a motion to dismiss an appeal which was filed on behalf of Ronald V. Borskey and Toni Allen Saxon-Borskey. The issue is whether the Department of Transportation & Development’s appeal of a judgment in an expropriation suit was timely filed. The judgment concerned extra compensation or severance and proximity damages due to the movers for the expropriation of a portion of their property on Shirley Avenue in Baton Rouge. The judgment was signed on September 9, 1985, and the appeal was filed on November 18, 1985.
La.R.S. 48:454 specifically addresses expropriations by the Department of Transportation & Development and provides:
Except as provided in this Part, these suits are tried in accordance with the provisions of the Code of Civil Procedure and general expropriation laws.
The general expropriation laws are found in Title 19 of the Revised Statutes. La.R.S. 19:13 concerns the issue of appeal of judgments in expropriation proceedings and states:
No party to any expropriation proceedings shall be entitled to or granted a suspensive appeal from any order, judgment, or decree rendered in such proceeding, whether such order, judgment, or decree is on the merits, exceptions, or special pleas and defenses, or compensation, or any or all of them. The whole of the judgment, however, shall be subject to the decision of the appellate court on review under a devolutive appeal, and the delays for taking such appeal shall commence upon the signing of the judg *186 ment determining compensation. If any change in the amount awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid. (Emphasis added).
This statute contains two directives of importance to this court. First, only a devol-utive appeal can be taken from a judgment in an expropriation case; second, the delays for taking such appeal shall commence upon the signing of the judgment determining compensation. La.C.C.P. art. 2087 concerns devolutive appeal delays and states in pertinent part:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
The most important clause in this article is the introductory clause which eliminates expropriation judgment appeals by stating, “Except as otherwise provided in this Article or by other law_” La.R.S. 19:13 is the law which applies in expropriation judgment appeals, and therefore, the delays commence upon the signing of the judgment. The appeal must be filed within sixty days because that is the usual delay for taking a devolutive appeal.
Since the judgment was signed on September 9, 1985, and the Department of Transportation and Development did not file its appeal until November 18, 1985, the appeal was not filed within the sixty days following the signing of the judgment. Therefore, the appeal was untimely.
APPEAL DISMISSED.