MOTION TO DISMISS
YELVERTON, Judge.
The defendant-appellee, Salvatore J. Campisi [defendant-appellee’s spelling], moves to dismiss the devolutive appeal of the plaintiff-appellant, State of Louisiana, through the Department of Transportation and Development, on the ground that the appeal was not timely perfected under LSA-R.S. 19:13.
The appeal is from an expropriation judgment awarding the defendant more than what was tendered by the plaintiff.
Under LSA-R.S. 19:13, the delays for taking a devolutive appeal from an expropriation proceeding judgment commence to run upon the signing of the judgment. LSA-R.S. 19:13 provides in pertinent part:
“No party to any expropriation proceeding shall be entitled to or granted a sus-pensive appeal from any order, judg *1080 ment, or decree rendered in such proceeding, ... The whole of the judgment, however, shall be subject to the decision of the appellate court on review under a devolutive appeal, and the delays for taking such appeal shall commence upon the signing of the judgment determining compensation.”
The “delays” for taking an appeal, under LSA-R.S. 19:13, include the “delay” for applying for a devolutive appeal and the “delay” for applying for a new trial. The delay for applying for a devolutive appeal is sixty days from the expiration of the delay for applying for a new trial, or from the denial of a motion for a new trial. LSA-C.C.P. art. 2087. The delay for applying for a new trial is seven days, exclusive of legal holidays. LSA-C.C.P. art. 1974.
The delay for taking a devolutive appeal, in this matter, did not commence until after seven days had expired, exclusive of legal holidays, from the date the judgment was signed on November 27, 1985. The plaintiff’s appeal, filed on January 28,1986, was therefore timely as it was perfected within the delays allowed by law.
For the foregoing reasons, the defendant’s motion to dismiss is denied at defendant’s cost.
MOTION DENIED.