DENNIS, Justice.*
The question of procedural law presented by this expropriation case is whether the sixty day period for perfecting a devolutive appeal begins to run on the date the judgment is signed or on the expiration of the delay for applying for a new trial. The court of appeal dismissed as untimely the appeal filed by the DOTD sixty-seven days after the judgment was signed by the trial court, holding that the sixty day period for taking a devolutive appeal in an expropriation case begins to run on the date the judgment is signed and, implicitly, that the new trial procedure is inappropriate in an expropriation case. Certiorari was granted by this court. We reverse. La.R.S. 19:13, which provides that a suspensive appeal shall not be available in an expropriation suit, does not otherwise modify the. new trial or appellate procedure applicable to civil cases. See La.C.C.P. arts. 1974, 2087.
The State, Department of Transportation and Development, brought this suit against defendants, Saxon, Borsky and Borsky, to expropriate private property. Defendant reconvened for additional compensation, severance damages and attorneys’ fees. After a trial, the court rendered judgment awarding defendants compensation for the taking, severance damages and attorneys’ fees.
The trial court’s written judgment was signed on September 9, 1985. The State, DOTD, filed its devolutive appeal on November 18, 1985, sixty-seven days after the date of the trial court judgment.
In the court of appeal, the defendants-ap-pellees-respondents moved to dismiss the DOTD appeal as having been taken untimely. The court of appeal granted the motion and dismissed the appeal in an opinion which expressly held that under La.R.S. 19:13, in an expropriation suit, the sixty day period for taking a devolutive appeal begins to run on the day the judgment is signed, and which implied that the new trial procedure, which normally has the effect of suspending for seven days the commencement of the sixty day period, is not available in expropriation cases. 486 So.2d 185.
Under the general rules of civil procedure the DOTD appeal would have been timely. Normally, a devolutive appeal may be perfected within sixty days of: (1) the expiration of the delay for applying for a new trial, (2) the court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal, or (3) the date of mailing of such notice if the applicant is entitled to notice. See La.C.C.P. art. 2087, which provides:
Except as otherwise provided in the Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty day of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from mod *381 ified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
In the present case the DOTD did not apply for a new trial. Thus, under La.C.C.P. art. 2087, the DOTD would have had sixty days from the expiration of the seven day delay for applying for a new trial, or sixty seven days from the signing of the judgment, within which to take its appeal. Therefore, the filing of the appeal by DOTD on the sixty seventh day after the signing of the judgment would have been timely under this rule.
The decisive question, then, is whether or not La.R.S. 19:13 has modified the normal rules in expropriation cases by abrogating new trials and thereby, in effect, shortening the actual period of time available for the taking of an appeal. La.R.S. 19:13 provides:
No party to any expropriation proceeding shall be entitled to or granted a sus-pensive appeal from any order, judgment, or decree rendered in such proceeding, whether such order, judgment, or decree is on the merits, exceptions, or special pleas and defenses, or compensation, or any or all of them. The whole of the judgment, however, shall be subject to the decision of the appellate court on review under a devolutive appeal, and the delays for taking such appeal shall commence upon the signing of the judgment determining compensation. If any change in the amount awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid.
Undoubtedly, the major objective of La. R.S. 19:13 is to disallow suspensive appeals in expropriation proceedings. The dispute in this case arises as to what else, if anything, the statute changes with respect to appellate procedure.
In interpreting the statute we follow the established precepts — appeals are favored in the law and when laws affecting appeals are susceptible of more than one reasonable interpretation, that interpretation which promotes the sustenance of appeals will be adopted. Gulf States Utilities Company v. Dixie Electric Membership Corporation, 248 La. 458, 179 So.2d 637 (1965); General Motors Acceptance Corporation v. Deep South Pest Control Inc., 247 La. 625, 173 So.2d 190 (1965); New Orleans & N.E.R. Co. v. Louisiana Public Service Commission, 245 La. 786, 161 So.2d 272 (1964); Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (1963); Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962); Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62 (1962) and Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1962).
The court of appeal’s interpretation of the statute is perhaps a reasonable one. It concluded that, in addition to the major objective of La.R.S. 19:13, the legislative aim was to abrogate a new trial in an expropriation case, thus causing the sixty day period for taking a devolutive appeal to begin immediately upon the signing of the judgment. The respondent property owners argue that when the statute speaks of “the delays for taking” an appeal it refers not to the delay for applying for a new trial and the sixty day delay for appealing which follows but to the periods of appealing which apply when an “order, judgment or decree” is rendered. See La.R.S. 19:13. They further argue that the rejected interpretation, i.e, that “delays” refers to the successive periods for applying for a new trial and for an appeal, would be redundant because this would have been the rule had the statute been silent on the subject. Finally, it is contended, the purpose of these provisions, which is to insure that the con-demnee shall receive his entire compensation within a reasonable time, would be thwarted by any other interpretation. Claiborne Electric Cooperative v. Garrett, 357 So.2d 1251 (La.App. 2nd Cir.1978) and Southern Natural Gas Co. v. Poland, 406 So.2d 657 (La.App. 2nd Cir.1981), are consistent with these arguments.
*382 On the other hand, an equally if not more reasonable interpretation is that the statute does not abolish new trials in expropriation cases and that “delays for taking [an] appeal” is a generic term which refers to both the delay for applying for a new trial and the delay for perfecting an appeal, because each period does in fact afford the appellant an actual delay within which to perfect his appeal. This interpretation complements and builds solidly upon the general rules of appellate procedure contained in the Code of Civil Procedure. The court of appeal’s interpretation, in contrast, requires divination of a legislative intent to retain the regular sixty day delay for applying for a devolutive appeal, yet depart drastically from regular appellate procedure by abrogating the new trial practice, all without specific mention of the sixty day or new trial rule. Rather than inferring so fundamental a change from such obscure language, it is reasonable to assume that the legislator intended to merge the extraneous statutory provision into the related codal articles without making any radical changes to the delays for appealing. As for the argument that such use of the term “delays” may be imprecise and involve a redundancy, it may be observed that it is not unheard of for the language of the legislator, as that of the judge or the practitioner, to contain a certain amount of imprecision and superfluity. Finally, it may be contended that had it been the legislature’s aim to reduce compensation delay by amending devolutive appeal procedure, it is likely that the problem would have been addressed directly and clearly by shortening the sixty day period for taking a devolutive appeal or by specifically providing that a new trial shall not be granted in an expropriation case. State, DOTD v. Campesi, 489 So.2d 1079 (La.App. 3rd Cir.1986) and State, DOTD v. Shaheen, 345 So.2d 1246 (La.App. 1st Cir.1977) are in harmony with this view of the statute.
We adopt the latter interpretation of La. R.S. 19:13 because it is reasonable and would have the effect of promoting the goal of upholding appeals, in accordance with our established precept that the law favors appeals. While the competing construction is also reasonable and might even contribute to a marginal acceleration of the appellate process, it is at odds with the basic principle which governs in deciding whether an appeal is to be preserved or dismissed. Furthermore, although the principle of favoring appeals happens to benefit the state in this case, in other cases it may save the appeals of private property owners and thereby promote a fundamental principle of our constitutional and statutory law — just compensation for every person to the full extent of. his loss for the taking or damage of his private property for a public purpose. La. Const.1974, Art. 1 § 4; La.R.S. 19:9.
The court of appeal judgment is reversed and the case is remanded to it for further proceedings.
REVERSED AND REMANDED TO THE COURT OF APPEAL.
MARCUS, J., dissents and assigns reasons.

 Honorable Nestor Currault, Judge, Retired, sitting for Justice Luther F. Cole, recused.