521 So.2d 671 (1988)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
Gladys Pierce MAYET, et al.
No. 86 CA 1590.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
*672 Frederick J. Fuselier, Sr., Asst. Gen. Counsel, Baton Rouge, counsel for plaintiff-appellant State of La., Dept. of Transp. and Development.
Christopher M. Smith, Cheramie & Smith, Cut Off, for defendant-appellee Gladys Pierce Mayet, et al.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a judgment in an expropriation proceeding directing that the State of Louisiana compensate the defendant herein in the amount of $29,010.96, subject to credit for $2,664.00 deposited into the registry of the court.

FACTS
This is an expropriation proceeding by the State of Louisiana through the Department of Transportation and Development (Department), in connection with the relocation of La. 1 on State Route La. 1 in Lafourche Parish, Louisiana. On February 29, 1984, the Department obtained an order under the "quick-taking" statute, LSA-R.S. 48:441 et seq., for the expropriation of a parcel of land consisting of .888 of an acre, more or less, in Section 2, T18S, R21E, owned by the defendants, Gladys Pierce Mayet, Audrey Pierce Cheramie, Elaine Pierce Boudreaux, Sidonia Pierce Soule, and Rita Pierce Lagrange. The Department deposited the sum of $2,664.00 into the registry of the court as the estimated just compensation due the defendants for the property taken.
Defendants filed an answer to the expropriation proceeding in which they placed at issue the value of the property taken. Defendants claimed that additional compensation was due them in the amount of $120,000.00, along with reasonable attorney's fees and costs.
The trial court found the area of property taken from the defendants to consist of .888 of an acres (38,681.28 square feet). The court held the defendants to be entitled to $.75 per square foot, or the sum of $29,010.96 as the value of the property taken, subject to a credit for the amount deposited.
In appealing from the judgment rendered, the Department complains of the trial court's fixing of the value of the property taken, alleging that the defendants did not meet their burden of proving the compensation of $.75 per square foot awarded by the court.

Value of the Property Taken
The legal principles applicable to the issue are not in dispute: The landowner is entitled to the market value of the land actually taken, as well as to any severance damages sustained by the remainder of his property. State, Department of Transportation and Development v. Taylor, 461 So.2d 1282 (La.App. 3rd Cir.1985), writ denied, 464 So.2d 1382, 1383 (La.1985); Pointe Coupee Electric Membership Corporation v. Mounger, 447 So.2d 1104 (La. App. 1st Cir.1984). The landowner has the burden of proving his claim to a greater award than the amount deposited and his claim cannot include damages which are too remote and speculative. LSA-R.S. 48:453; State, Through Department of Highways v. Levy, 242 La. 259, 136 So.2d 35 (1961); Faustina Pipe Line Company v. Hebert, 469 So.2d 483 (La.App. 3rd Cir. 1985), writ denied, 474 So.2d 1295 (La. 1985); State, Department of Transportation & Development v. Estate of Clark, 432 So.2d 405 (La.App. 1st Cir.1983); State, Department of Highways v. Lancon, 174 So.2d 257 (La.App. 3rd Cir.1965). The defendant must prove his claim by a preponderance of the evidence. State, Department of Transportation & Development v. Estate of Clark, 432 So.2d 405 (La.App. 1st Cir.1983); State, Through Department of Highways v. Shaheen, 345 So.2d 1246 (La.App. 1st Cir.1977).
The most reliable and approved method for determining the fair market value of immovable property is to consider comparable sales, adjusting them to compensate for their good and bad features with regard to the subject. Southwestern Electric Power Company v. Scurlock, 485 *673 So.2d 72 (La.App. 2nd Cir.1986); State, Department of Transportation And Development v. Davis, 394 So.2d 641 (La.App. 1st Cir.1980).
Three witnesses testified for the defendants, namely Elaine Boudreaux, Gladys Bouvier, and Lillian Pierce. Ms. Boudreaux testified that she was in fact a co-owner of the property in question and was familiar with its size and location. She testified that she was familiar with another piece of property, formerly owned by Mrs. Bouvier, that had been bought by the State in 1982, and which was located approximately 250 feet away from her property. She stated she knew of no differences in the two properties. Mrs. Bouvier, a former landowner in the area, testified that the State paid her $6,404.00 in 1982 for her property, which comprised 7,876.7 square feet. She further testified that she knew of no differences between her former property and the property involved in the present expropriation. Mrs. Pierce, also a former landowner in the same area, testified that the State paid her $6,365.00 for property she once owned, which consisted of 7,572 square feet. Her former property was also approximately 250 feet away from the property in question, and she claimed there were no differences in the two properties.
After the above testimony, defendants at this time rested with the stipulation that if the four other defendants were to take the stand, their testimony would be the same as Mrs. Boudreaux's. The Department then claimed that the defendants did not put on any valid evidence showing the defendants' compensation should be greater than the deposit and moved that the Court award judgment for the amount deposited. The motion was denied; the Department thereafter put on no evidence.
A trial court may not rely on its own opinion in fixing values in expropriation cases and may not substitute its own judgment for that of experts. The court may, however, take judicial notice of facts within the common knowledge of persons of ordinary understanding. State, Department of Highways v. Terrebonne, 349 So. 2d 936 (La.App. 1st Cir.1977), writ denied 351 So.2d 166 (La.1977).
In the trial court's excellent oral reasons for judgment, the court found that based on the testimony of Mrs. Pierce and Mrs. Bouvier, the State paid $.75 per square foot for the voluntary sale of their respective properties. The properties were located approximately 250 feet from the subject property, and the testimony from Mrs. Pierce, Mrs. Bouvier, and Mrs. Boudreaux showed that the subject property was the same type of property as the properties previously sold to the State. The court relied on the value of the voluntary sales in finding the fair market value of the property, as that was the only evidence submitted, and therefore uncontradicted by the State, regarding the fair market value of the property.
The Court found that the best use of the property in question would be for residential purposes, and this was substantiated by the testimony of Mrs. Pierce and the testimony of Mrs. Bouvier.
The Court concluded that: "In our case .888 acres were expropriated and this is equivalent to 38,681.28 square feet. Since the Court is relying on the value of the voluntary sales made by Mrs. Pierce and the then Mrs. Cheramie [Bouvier], the Court finds that 38,681.28 square feet at $.75 per square foot gives a fair market value of the property taken to be $29,010.96. The Court feels based on the evidence submitted to it that this is the fair market value and that will be the Court's judgment in this case."
In an expropriation proceeding the trial court is not required to accept or reject the testimony of any particular witness, but may give whatever weight he considers appropriate to the testimony of any and all witnesses in making his factual determination of the value of the property taken. He may reach a conclusion which does not coincide with the testimony of any witness. Louisiana Power & Light Company v. Mobley, 482 So.2d 706 (La.App. 1st Cir.1985), writs denied, 485 So.2d 62, 64 (La.1986); State, Department of Highways v. Thurston, 338 So.2d 154 (La.App. 2nd Cir.1976); State, Department of Highways v. Salassi, 244 So.2d 871 (La.App. 1st Cir. 1971).
*674 The trial court is granted a great deal of discretion in determining the value of land in expropriation cases. See State, Department of Highways v. Devall, 405 So.2d 1173 (La.App. 1st Cir.1981). This discretion applies to any case where the value of real estate is at issue.
The fixing of value of the property by the trial court will not be disturbed unless manifestly erroneous. See State, Department of Highways v. Romano, 316 So.2d 129 (La.App. 1st Cir.1975). We find no manifest error in the instant case. Louisiana Power & Light Company v. Mobley, supra; State, Department of Transportation and Development v. Chaisson, 477 So.2d 115 (La.App. 1st Cir.1985); State, Department of Transportation & Development v. Estate of Clark, supra.
Based upon a thorough review of the record, we cannot say that the trial judge's finding the fair market value of the property to be $29,010.96 was manifestly erroneous, and therefore we affirm. Costs of this appeal in the amount of $917.07 are to be paid by the State of Louisiana.
AFFIRMED.