STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
CHIPPENBILL INVESTMENTS, L.L.C. AND MEADOW GLEN CONDOMINIUMS HOMEOWNER'S ASSOCIATION, INC.
No. 2006 CA 1480.
Court of Appeal of Louisiana, First Circuit.
May 16, 2007.
NOT DESIGNATED FOR PUBLICATION.
CHARLES R. ALBRIGHT, II, ANDREW G. BARRY, Attorneys for Plaintiff/Appellee, State of Louisiana, Department of Transportation and Development.
FRANK S. CRAIG, JAMES R. RAINES, Attorneys for Defendants/Appellants, Chippenbill Investments, L.L.C., Meadow Glen Condominiums Homeowner's Association, Inc., Carole Jones White, Neal Craig Haynes and Judy Melinie Haynes.
Before CARTER, C.J., WHIPPLE and McDONALD, JJ.
McDONALD, J.
The State of Louisiana, Department of Transportation and Development (DOTD) filed a petition on January 29, 2001 seeking to expropriate property. The defendants originally named were Chippenbill Investments, L.L.C. (Chippenbill) and Meadow Glen Condominiums Homeowner's Association, Inc. (Meadow Glen). The public purpose requiring this expropriation was the widening of LA Highway 964 near Zachary, Louisiana. Based on an evaluation submitted to DOTD by a certified real estate appraiser, DOTD deposited $156,535.00 as the estimated just compensation in accordance with La. R.S. 48:441 et seq.
Meadow Glen Condominiums, located on LA Highway 964, consists of three buildings, with four individual units in each building. Chippenbill Investments owns nine of the twelve individual units. Only one building, 810 Meadow Glen, directly adjoins the expropriated property; Chippenbill owns and rents three of the four units. Ms. Amanda Campbell owns and occupies the remaining unit, 810-A Meadow Glen.
In May 2003, Amanda Campbell, Carole Jones White, Neal Craig Haynes and Judy Melinie Haynes filed a petition of intervention in the expropriation. Ms. White owns and occupies condominium unit 820-C Meadow Glen, and Mr. and Mrs. Haynes own and occupy unit 830-D Meadow Glen. Their petition alleges that the taking changed the highest and best use of the twelve condominium units from residential condominium to multi-family investment property; moved the right of way to as close as four feet from Amanda Campbell's unit; reduced available parking spaces; and diminished the desirability and value of the intervenors' property.
The suit was tried in April 2005, and taken under advisement. Oral arguments were heard in May; in July, the trial court issued reasons for judgment; and on December 13, 2005, judgment was rendered and signed ordering an award of $36,100.00 to Amanda Campbell and decreeing that the $156,535.00 deposited in the registry of the court was adequate compensation to Chippenbill for the property taken. The judgment reserved the issues of costs and attorney fees. A judgment on attorney fees and costs was rendered on February 13, 2006, awarding $20,000.00 as reasonable attorney fees to Amanda Campbell and Chippenbill Investments, L.L.C. Also, expert fees were set and DOTD was ordered to pay costs. Judgment so ordering was signed on March 28, 2006.
The intervenors/defendants[1] filed a notice of devolutive appeal of the December 13, 2005 judgment on February 17, 2006. The appeal assigned three errors: (1) the trial court erred in failing to award damages to Meadow Glen Condominiums Homeowner's Association, Inc.; (2) the trial court erred in failing to grant damages to intervenors Carole Jones White, Neal Craig Haynes and Judy Melinie Haynes; and (3) the trial court erred in the amount of damages awarded to Chippenbill Investments, L.L.C. DOTD answered the appeal on August 7, 2006, asserting that the trial court erred in awarding attorney fees in excess of that allowed by law but maintaining, however, that the remainder of the judgment is correct and should be affirmed.
In expropriation proceedings, a factfinder's factual determinations as to value of property and entitlement to any other types of damages will not be disturbed on review in the absence of manifest error. City of Baton Rouge v. Johnca Properties, L.L.C. XXXX-XXXX (La. App. 1st Cir. 2/23/04), 873 So.2d 693, 699, writ denied, XXXX-XXXX (La. 5/7/04), 872 So.2d 1083. The trial court is granted a great deal of discretion in determining the value of property in expropriation cases. Id. In an expropriation proceeding the trial court is not required to accept or reject the testimony of any particular witness, but may give whatever weight he considers appropriate to the testimony of any and all witnesses in making his factual determination of the value of the property taken. The court may reach a conclusion that does not coincide with the testimony of any witness. Id.
The trial court in this case found that the units owned in buildings 820 and 830 Morning Glen were not damaged by the taking. This factual finding resulted in denial of an award of damages to Ms. White and Mr. and Mrs. Haynes. Our review of the testimony and evidence reveals a reasonable basis for the trial court's decision, and the record considered as a whole does not lead us to conclude the trial court's decision was manifestly erroneous. Similarly, we find no error in the damages awarded to Chippenbill.
Chippenbill is correct in asserting that it is constitutionally entitled to be compensated to the full extent of its loss. A landowner whose property is expropriated by the state is to be compensated so that he remains in an equivalent financial position to that which he enjoyed before the taking. State, DOTD v. Dietrich, 555 So.2d 1355, 1358 (La. 1990). Where the landowner challenges the amount DOTD deposits for compensation for an expropriation, a greater value must be proven by a preponderance of the evidence. State, DOTD v. Estate of Bickham, 93-1664 (La. App. 1st Cir. 6/24/94), 640 So.2d 841, 842. The question of what damages will appropriately compensate the landowner is one of fact. Id. Such a determination is necessarily dependent on evidence presented by expert witnesses; however, the fact finder is not obligated to accept an expert's opinion in expropriation cases, since those opinions are not binding and are merely advisory in nature. Id. On review of the record in this matter, we find no error in the decision of the trial court on the issue of the amount of damages awarded to Chippenbill.
The remaining error assigned by defendants is the failure of the trial court to award damages to Meadow Glen Homeowner's Association. Meadow Glen owned the expropriated property, consisting of land and improvements. Therefore, it was legal error for the trial court to fail to determine an award to Meadow Glen. The expert testimony of its appraiser was that the value of the land, concrete, sidewalk, fence and landscaping was $17,103.00. We find nothing in the record to support DOTD's assertion that the trial court did not find this testimony credible. Actually, we find to the contrary. Therefore, the judgment of December 13, 2005 that awards damages in this suit is hereby amended to award damages in the amount of $17,103.00 to Meadow Glen Condominiums Homeowner's Association, together with interest as allowed by law and attorney fees in the amount of $4,250.00.
The last issue to be addressed by this court is DOTD's allegation of error regarding the amount awarded in attorney fees. On August 7, 2006, DOTD answered the appeal of the December 13, 2005 judgment and attempted to raise the issue of the attorney fees. DOTD asserted that the trial court award of attorney fees was legal error because La. R.S. 48:453 specifies that attorney fees shall not exceed twenty-five percent of the difference between the award ordered by a trial court and the amount deposited in the registry of the court. Therefore, the maximum amount of attorney fees in this case should be no greater than 25% of $36,100.00, which would be $9,025. However, the judgment ordering attorney fees of $20,000.00, which DOTD contends is in error, was rendered on February 13, 2006, and signed on March 28, 2006. Neither party appealed this judgment.
An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise or modify a final judgment after the time for filing a devolutive appeal has elapsed. When an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. Lay v. Stalder, 99-0402 (La. App. 1st Cir. 3/31/00), 757 So.2d 916, 919. See also Feyerabend v. State. Dept. of Wilfdlife & Fisheries, 544 So.2d 577, 579 n.1 (La. App. 1st Cir 1989). The judgment awarding attorney fees was signed on March 28, 2006, and neither party filed a motion for new trial or judgment notwithstanding the verdict. Therefore, the devolutive appeal had to be taken within sixty days of April 6, 2006, the expiration of the delays for filing such motions. La. C.C.P. art. 2087. This court is without jurisdiction to address the issue raised by DOTD because it was not raised timely.

DECREE
The judgment of December 13, 2005 is amended to provide a damage award of $17,103.00, plus interest in accordance with law, and attorney fees in the amount of $4,250.00 to Meadow Glen Condominiums Homeowner's Association, Inc.; in all other respects the judgment is affirmed.
AFFIRMED IN PART; AMENDED IN PART AND RENDERED.
NOTES
[1] Amanda Campbell did not appeal the December 13, 2005 judgment.