HIGGINBOTHAM, J.
lain this expropriation case, the property owner, Acadian Properties Northshore, L.L.C. (“Acadian Properties”), appeals the amount of just compensation awarded by a jury.
BACKGROUND
The vacant, relatively undeveloped property at issue is located in St. Tammany Parish, Louisiana, fronting Louisiana State Highway 21 (“Hwy 21”). Prior to the expropriation of .932 acres by the State of Louisiana, Department of Transportation and Development (“DOTD”), the tract measured a total of 8.138 acres. Acadian Properties acquired the property in 2007 at a cost of $10.50 per square foot, at a total cost of just under $4,000,000.00, with the intention of eventually developing a commercial shopping center at the location. Over the next several years, Acadian Properties obtained some parish permits for site preparation work such as excavating/clearing parts of the property, placing of driveways, and for filling and/or raising the grade of the property to match the level of Hwy 21. Construction of driveways, parking lots, or buildings never commenced, but some of the land was actually cleared and filled before the expropriation. Acadian Properties estimated that it spent approximately $700,000.00 in site preparation for the entire 8.138 acres.
On June 12, 2013, DOTD filed a petition seeking to expropriate full ownership of a .932 acre portion of Acadian Properties’ larger tract for highway widening purposes. The expropriated portion fronted Hwy 21 and was designated as Parcel 7-1. DOTD acquired title to Parcel 7-1 on June 14, 2013, when it deposited $469,118.00 (the estimated just compensation due Aca-dian Properties for the property taken) into the registry of the 22nd Judicial District Court, pursuant to Louisiana’s “quick-taking” procedure set forth in La. R.S. 48:441-60. The district court signed an order allowing Acadian Properties to subsequently withdraw the ladeposit from the registry, without prejudice to Acadian Properties’ right to contest the issue of the amount of just compensation.
Acadian Properties filed an answer and reconventional demand in response to DOTD’s petition, seeking additional just compensation for the value of its land that had been taken by DOTD. Acadian Properties also sought severance and economic damages for lost income connected with the future development of a shopping center on the entire tract of land. DOTD filed *140 a motion for summary judgment, alleging that Acadian Properties’ claim for future lost income related to a shopping center that had not been constructed was highly speculative and not supported by the evidence. The district court agreed with DQTD and granted a partial summary judgment in favor of DOTD on the issue of economic damages connected with lost income from the future development of the shopping.center.
Prior to the jury trial in this matter, DOTD filed numerous motions in limine seeking to exclude or limit certain testimony and evidence, including evidence concerning DOTD’s acquisition of neighboring properties for the Hwy 21 widening project; testimony from witnesses, including expert .witnesses, not previously identified; and expert opinion testimony pertaining to opinions outside of the “four corners” of the. experts’written reports. After a jury trial,-,,on. November 5-6, 2015, .Acadian Properties was awarded an additional amount of $99,130.80 for just compensation on Parcel 7-1 that was in excess of the previously deposited amount, plus attorney fees and costs. A final judgment was signed accordingly on April 6, 2016. Acadi-an Properties appealed, maintaining that the judgment failed to- award the “full extent” of its loss, including severance damages, that the district court erred in granting DOTD’s motion for partial summary judgment, thereby effectively excluding all evidence of economic loss from the future development of a shopping center, and that the district court erred in numerous evidentiary rulings.
JjTHE LAW ON EXPROPRIATION
The law concerning the compensation due-a landowner whose property has been expropriated is well settled. Louisiana Constitution Article I, Section 4(B), provides in pertinent part:
(1) Property shall not be taken or damaged by the state ... except for public purposes and with just compensation paid to the owner or into court for his benefit.
[[Image here]]
(5) In every expropriation ... a party has the right to trial by jury to determine whether the compensation is just, and the owner shall be compensated to the full extent of his loss. Except as otherwise provided in this Constitution, the full extent" of loss shall include, but not be limited to, the appraised value of the property and all costs of relocation, inconvenience, and any other damages actually incurred by the owner because of the expropriation. [Emphasis added.]
Additionally, La. R.S. 48:453 provides, in pertinent part:
A. The measure of compensation for the property expropriated is determined as of the time the estimated compensation was deposited into the registry of the court, without considering any change in value caused by the proposed improvement for which the property is taken.
B. The measure of damages, if any, to the defendant’s remaining property is determined on a basis of immediately before and immediately after the taking, taking into consideration the effects of the completion of the project in the manner proposed or planned.
C. The owner shall be compensated to the full extent of his loss. [Emphasis added.]
A landowner whose property is expropriated by the state is compensated so that he remains in an equivalent financial position to that which he enjoyed before the taking. State, Dept. of Transportation and Development v. Restructure Partners, L.L.C., 2007-1745 (La. *141 App. 1 Cir. 3/26/08), 985 So.2d 212, 220, writ denied, 2008-1269 (La. 9/19/08), 992 So.2d 937. The burden-of proof on the property owner in an expropriation case is to establish his claims by a reasonable preponderance of the evidence; speculation, conjecture, mere possibility, and even unsupported probability are not sufficient to. support a judgment. Id.. So, where.the property owner challenges the amount that DOTD deposits as just .compensation for Ran expropriation, a greater value must be. proven by a preponderance of the evidence. ML The question of what damages will appropriately compensate the property owner is one of fact. Such a determination is necessarily dependent on evidence presented by expert witnesses; however, the factfinder is not obligated to accept an expert’s opinion in expropriation cases, since those opinions are not binding and are merely advisory in nature. Id.
In an expropriation proceeding, a factfinder’s factual determinations as to the value of the property and entitlement to other types of damages are subject to the manifest error standard of review, while the amount of damages awarded is subject to the abuse of discretion standard of review. Restructure Partners, 985 So.2d at 221. The factfinder is not required to accept or reject the testimony of any particular witness, but may give whatever weight it considers appropriate to the testimony of any and all witnesses in making its factual determination of the value of the property taken. The factfinder may reach a conclusion that does not coincide with the testimony of any witness. Id. Additionally, we note that the. district court is vested with a broad range of discretion when ruling on the admissibility of evidence. Evidentiary rulings shall not be disturbed on appeal absent a clear abuse of discretion. Id.
, DISCUSSION
As previously noted, La. R.S. 48:453 provides that the measure of compensation for property expropriated is determined as of the date of the taking. The date of the taking in this case was June 14, 2013. As of that date, the entire tract of Acadian Properties’ land, including Parcel 7-1, was vacant and relatively undeveloped. Acadian Properties had cleared some of the trees off of the property and had provided fill dirt .to .raise the grade of the property to a height that was even with Hwy 21, but there were no structures or other improvements on the property. Additionally, there was absolutely no evidence of any economic loss connected to |fian actual shopping center development at.the time immediately before or after the taking. Further, at the date of the taking, Acadian Properties was not receiving any rental income from possible tenants of a future ' commercial development. Given these facts and our review of Acadian Properties’ proffered evidence, we find that the district court' did not abuse its discretion in excluding evidence of the speculative economic damages that was supposedly connected to lost profits from the possibility of the future development of a shopping center.
The jury was presented with extensive -testimony from two expert real estate appraisers, Andrew Marshall for Acadian Properties and Russ Shuffield for DOTD. Both experts used the market approach, which is the most reliable method for vacant land' and depends on sales of comparable properties to arrive at the value of the property taken. See State, Dept. of Transportation & Development v. Estate of Bickham, 93-1664 (La. App. 1st Cir. 6/24/94), 640 So.2d 841, 842. After listening to the experts, the jury determined that Acadian Properties was enti- *142 tied to $99,130.80 more than was originally tendered by DOTD, for a total just compensation award of $568,248.80 (approximately $14.00 per square foot) for Parcel 7-1. The jury’s award was more than DOTD’s expert’s valuation of the property at $446,151.00 (or $11.00 per square foot), but less than the value estimated by Acadi-an Properties’ expert at $690,000.00 (or $17.00 per square foot), which took into consideration the cost of Clearing the land and filling the grade of the property. Much discretion is afforded the jury in valuing property in expropriation cases, and the evaluation of and weight given to the experts’ testimony will not be disturbed on review in the absence of manifest error. Id. The jury’s determination was reasonable in light of the evidence in the record, allowing for the value of Acadian Properties’ work of Clearing and filling the grade of the property before it was expropriated. We find no manifest error in that determination. Likewise, we have reviewed Acadi-an Properties’ proffered evidence concerning the amount paid |7by DOTD for an adjoining expropriated property (at $18.00 per square foot), and we find no abuse of discretion in the district court’s evidentiary rulings regarding the valuation of the expropriated property. The jury heard from Acadian Properties’ expert appraiser that comparable property sales ranged from $14.45 per square foot on the low end, to $22.50 per square foot on the high end. Thus, there is no apparent prejudice or abuse of discretion in the district court’s evidentiary ruling, since the jury was presented with valuation testimony that encompassed the value that was proffered by Acadian Properties.
Acadian Properties also contends that they are entitled to severance damages and that the district court erred in excluding all evidence of severance damages, including an estimated $2,700,000.00 cost-to-cure the loss of potential parking spaces for the future development of the shopping center. Severance damages describe those compensable damages that flow from the partial expropriation of a tract of land, i.e., the difference between the value of the remaining property immediately before and immediately after the taking. Restructure Partners, 985 So.2d at 221. Severance damages are not presumed; the landowner has the burden of proving severance damages with legal certainty by a preponderance of the evidence. State, Dept. of Highways v. Denham Springs Development Co., Inc., 307 So.2d 304, 307 (La. 1975).
The issue as to whether property remaining after an expropriation has sustained severance damage is essentially a question of fact. State, Dept. of Transportation and Development v. Chaisson, 477 So.2d 115, 117 (La. App. 1st Cir. 1985). In this case, the district court partially decided the matter on a motion for summary judgment before the trial based on a lack of evidence. The district court agreed with DOTD that Acadian Properties’ claimed economic damages concerning future lost income was too speculative, because there was no evidence of market rental rates for the proposed shopping center and there was no evidence of ^construction costs, operating costs, or vacancy projections connected with the proposed shopping center. Our de novo review of the summary judgment reveals no error in the district court’s ruling.[1]
*143 All experts and witnesses agreed that the highest and best use of Acadian Properties’ land was commercial. The record is devoid of evidence that the remaining property owned by Acadian Properties could no longer be used for a commercial purpose after Parcel 7-1 was expropriated. Just as it did before the taking, Acadian Properties still owned a large vacant tract of land that fronted Hwy 21 after the taking. Acadian Properties simply failed to show that the remaining property could no longer be used in a profitable commercial fashion after the taking and, therefore, Acadian Properties’ economic • damage claim connected to only one possible development idea (including a certain number of parking spaces) was highly speculative. Thus, the district court did not abuse its discretion in limiting the evidence to the actual use, rather than speculative use, of the property before and after the taking. Further, Acadian Properties did not show that it had suffered any particular pecuniary, financial, or economic loss or damage as a result of the expropriation, because there was no showing that there was in fact a commercial shopping center being developed on the property at any time before or immediately after the taking. Likewise, there was no showing that the property was in need of restoration immediately after the taking. The remaining property was exactly the same as it was before the taking.
We conclude, as did the jury, that Acadian Properties’ remaining tract of land had the same utility after the expropriation as it had before, and it was still a desirable piece of commercial property that could be developed into a shopping center in the [ 9future if Acadian Properties chooses to do so. There is no manifest error in that factual conclusion. We further find no error or clear abuse of discretion in the district court’s limitation of the evidence concerning the highly speculative cost-to-cure or need to correct the potential loss of parking spaces caused by the expropriation if a shopping center was eventually developed in the future. Acadi-an Properties simply did not prove its entitlement to severance damages.
After considering the evidence presented showing that the highest and best use of the subject property was as a commercial site, the jury awarded an additional amount to fully compensate Acadian Properties for the expropriated Parcel 7-1. That additional amount was based on comparable property sales and took into consideration the fact that Acadian Properties had begun preparing the property (by Clearing trees, adding fill dirt, and applying for permits) for the future commercial development of a shopping center that fronted Hwy 21, which could still be developed after the taking. Therefore, we find nothing in the record that suggests that the jury manifestly erred in its valuation of the expropriated property.
CONCLUSION
For the outlined reasons, the district court’s judgment rendered in accordance with the jury’s verdict is affirmed. Costs of this appeal are assessed against Acadian Properties Northshore, L.L.C.
AFFIRMED.
Theriot, J., Concurs

. On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Sunrise Const. and Development Corp. v. Coast Waterworks, Inc., 2000-0303 (La.App. 1 Cir. 6/22/01), 806 So.2d 1, 3, writ denied, 2001-2577 (La. 1/11/02), 807 So.2d 235.